**HONORABLE JAMAL N. WHITEHEAD**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL WRIGHT and ALEXIS WRIGHT, a married couple,

    Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY, a foreign insurer,

    Defendant.

Case No. 2:23-cv-00179-JNW

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT STATE FARM'S MOTION FOR PROTECTIVE ORDER**

[ORAL ARGUMENT REQUESTED]

NOTE ON MOTION CALENDAR:
NOVEMBER 6, 2024

## I. INTRODUCTION and RELIEF REQUESTED

Plaintiffs Michael and Alexis Wright, ("the Wrights") through their attorneys of record, respectfully request the Court deny Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Protective Order and costs. As briefed in Plaintiffs' Motion to Compel, Plaintiffs are entitled to conduct reasonable discovery pertaining to Defendant's employees' compensation. [Dkt. No. 60]. This litigation is regarding bad faith claim handling, and because the primary claims handler's and his managers' compensation is motivated by various incentives, including metrics that track expenses and overall company performance, it most certainly affects

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 1 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

how claims are handled.

Defendant failed to timely move for a protective order on the Fed. R. Civ. P. 30(b)(6) deposition topics prior to its Fed. R. Civ. P. 30(b)(6) deposition and now retroactively seeks an order in a frivolous motion with demonstrably false assertions. The discovery deadline has passed, Plaintiffs never invaded the privacy of any individuals in this claim, and the issue is now moot. For these reasons the order should be denied in its entirety, and Plaintiffs awarded costs for its time responding.

## II.    STATEMENT OF RELEVANT FACTS

### A. Background Information

Plaintiffs filed their lawsuit for bad faith, breach of contract, denial of payment of benefits, and mishandling of Plaintiffs' claim including violations of the Insurance Fair Conduct Act and Consumer Protection Act. Plaintiffs house caught fire on November 26, 2021. [Dkt. No. 1-2]. Defendant failed to resolve Plaintiffs' claim pursuant to Plaintiffs' 20-Day Insurance Fair Conduct Act Notice, requiring Plaintiffs to file suit. [*Id.*] Plaintiffs' claims include unreasonable delay of claim, denial of policy benefits, failing to give equal consideration to Plaintiffs, and other detrimental mishandlings of their claim. [*Id.*].

1  <u>Plaintiffs have not been fully compensated for the benefits entitled under their insurance policy</u>

Though Defendant blatantly asserts Plaintiffs' insurance claim was "paid in full," this is profoundly misleading. [Dkt. 61-1 at 7, 14-15]. Defendant eventually agreed to issue a post-litigation claim payment based on Plaintiffs' contractor's estimate, but that did not resolve all of Plaintiffs' outstanding claims for benefits to which they are entitled under their policy. [Dkt. 61-1 at 7].

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 2 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

A. **Plaintiffs Served Broad Discovery Regarding Compensation**

Plaintiffs served broad discovery regarding the totality of Defendant's compensation for employees and managers, including those involved in Plaintiffs' claim. [Dkt. No. 61-6]. Plaintiffs are entitled to understand how claims employees and managers are compensated, incentivized, or otherwise rewarded for their actions.

1. Plaintiffs Fed. R. Civ. P. 30(b)(6) Deposition Topics

Exhibit A to Plaintiffs' Fed. R. Civ. P. Deposition Notice to Defendant included three topics that broadly addressed compensation:

> Topic 1: The names, job titles, annual compensation amounts and structures, and description of the positions of State Farm's employees within the office or offices responsible for handling or supervising the insurance claim at issue in this lawsuit, *i.e.* Plaintiffs' fire claim (hereinafter referred to as "Wright claim" or "the claim");
>
> Topic 3: Financial incentives, bonuses, including short term incentive programs (however called) that State Farm claim adjusters, claim managers or other employees may be eligible for, and the criteria, process, or metrics used (however called) to determine whether a claim adjuster/claim managers/employee is eligible to receive the incentive, bonuses, including short term incentive programs (however called).
>
> Topic 4: Criteria and process used to evaluate employee performance for the employees involved in the Wrights' claim. [NOTE: To the extent that the criteria and process is different for different types of employees, this request is seeking a witness to discuss the criteria and process used to evaluate employee performance for those employees who handle any Washington homeowner claims].

[Dkt. No. 61-7].

2. Plaintiffs Requests for Production:

REQUEST FOR PRODUCTION NO. 20: Defendant's employee and management incentive plans, rewards packages, scorecards related to performance and rewards/awards, performance standards and metrics from 2021 – present.

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 3 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

REQUEST FOR PRODUCTION NO. 21: A copy of the compensation, employee performance scorecards, performance reviews, bonuses, and awards for Treat and his chain of command of leadership from 2021 to the present.

[Dkt. No. 61-6].

Defendants "Total Rewards" compensation plans include various components including but not limited to, company "perks," an Enterprise Incentive Plan for employees, a Management Incentive Plan for managers, salary, and various other reward opportunities. [Derenski Decl., ¶2 Ex. 1; Dkt. No. 61-10].

**B. Defendant's Objections to Plaintiffs' Fed. R. Civ. P. 30(b)(6) Deposition Topics**

Plaintiffs served a Fed. R. Civ. P. 30(b)(6) Deposition Notice on Defendant on January 19, 2025, May 21, 2024, September 18, 2024, and again on October 21, 2024, at Defense Counsel's insistence when Defendant refused to appear for all properly noticed Topics for its deposition. [Dkt. No. 61-1; Derenski Decl, Ex. 2]. The service and subsequent conferrals regarding the deposition are further detailed *Infra*.

Defendant did not object to Plaintiffs' Fed. R. Civ. P. Deposition Notice topics for **nine months**, then sent Plaintiff an eleventh-hour laundry-list of boilerplate objections to every deposition topic. [Dkt. No. 57 at 12]. No proposed revisions were received; only a unilaterally derived stance on what Defendant would testify to. [*Id*.]. Nonetheless, Plaintiffs conferred. [*See* §F.3. *Infra*].

**C. Defendant Brings This Motion After Depositions**

Defendant offered October 15, 2024 as an available date for its Fed. R. Civ. P. Deposition, and so it was scheduled on that date. [Derenski Decl., Ex.3]. Yet, Defendant did not seek a

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 4 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

1    protective order on any issues pertaining to the Fed. R. Civ. P. deposition topics prior to that

2    deposition nor did it provide proposed revisions to the topics.

3        On October 10, just days before its scheduled deposition, Defense Counsel unilaterally

4    bifurcated Defendants' 30(b)(6) deposition by proclaiming he would produce only one witness

5    on October 15 and noting the remaining witnesses would testify "in November," which was after

6    the discovery deadline. [Derenski Decl., Ex. 2 at 4-5]. Plaintiffs did not agree to this, but

7    nonetheless re-noted a second Fed. R. Civ. P. 30(b)(6) deposition when Defendant failed to appear

8    on all topics. [*Id*., at 6; Dkt. No. 61-7 at 23].

    **D.  Defense Counsel Obstructed Inquiry into Broad Topics Involving Compensation**

    Though boldly proclaimed on the record that its October 15 witness was prepared to testify on Topic 1, encompassing "compensation amounts structures," the witness was unprepared. [*Id*., at 16; Derenski Decl., Ex. 1, 4:14-5:1; 261:8-262:18:20]. "I have not been prepared to discuss on that topic, so I do not have -- I'm not able to discuss compensation." [*Id*.]. As confirmed by Defendants' Motion, it only prepared the witnesses to testify to what *it* deemed "non-objectionable topics of inquiry." [Dkt. No. 56 at 3, ll.12-15]. Defense Counsel repeatedly sought to limit inquiry into the noticed topics, including any matters relating to compensation during the October 15 deposition with near-constant interruptions of prolonged speaking objections, including the repeated declaration "outside the scope of the topics that were assigned to this witness," *even when the witnesses was designated to speak on the topics*. *e.g*. [Dkt. No. 67-7 at 16; Derenski Decl., Ex. 1, 274:19-276:16].

    Q. …So does the company's performance factor into
the **annual compensation increase** or bonus that an
adjuster or claim associate or employee may receive?

    MR. HICKS:  Objection.  Outside the scope
of the topics this witness was identified for.

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 5 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

(emphasis added) [*Id*., at 279:7-15].

This also occurred during the deposition of Defendants' claim adjuster, Tim Treat. [Derenski Decl., ¶3].

### E. There is No Evidence Plaintiffs Have Sought to "Embarrass or Harass"

Defendant takes considerable liberties in characterizing Plaintiffs broad discovery as misconduct and alleging Plaintiffs "demand[ed]" "private and sensitive financial compensation of individual State Farm employees" with intentions of "embarrassing and harassing" employees." [Dkt. 56 at 10, ll.15-19]. This is demonstrably false. **Plaintiffs never asked the witnesses nor otherwise sought any specific salary details for any employee or manager.** [Derenski Decl., Ex. 1, 260:15-262:20; 277:22-284:3; 284:19-24; Derenski Decl, ¶3] Nor have Plaintiffs challenged the redactions to Mr. Treat's salary information. [*Id.*]. The record reflects Plaintiffs' Counsel went to considerable lengths to try and navigate the issues of compensation *without invading individual privacy*. [Derenski Decl., Ex. 1, 260:15-261:20; 277:22-278-284; 284:19-24].

### F. Conferral and Certification

1. <u>A history of the conferrals: numerous Fed. R. Civ. P. 26(f) conferences were held in which the 30(b)(6) deposition topics were discussed.</u>

It is insincere, disingenuous, and misleading of Defendant to claim Plaintiffs have not met and conferred in good faith nor to share with this Court the extent of Plaintiffs' attempts to resolve any disputes over the Fed. R. Civ. P. 30(b)(6) topics. Counsel for the parties have met and conferred on Plaintiffs' Fed. R. Civ. P. 30(b)(6) topics, listed in Exhibit A to the Notice of Deposition, multiple times, at Plaintiffs' counsel's insistence. [*See* Dkt Nos. 61-8, 61-16, 61-17].

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 6 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

On January 19, 2024, following Defendant's refusal to provide its availability for a Fed. R. Civ. P. 30(b)(6) deposition without knowing the topics, Plaintiffs served their Notice of Fed. R. Civ. P. 30(b)(6) Deposition with the topics noted in Exhibit A, attached thereto. [Dkt. No. 61-7 at 2]. The Notice was sent by US. Mail and email, and Plaintiff's counsel requested Defense Counsel's "availability for a FRCP 30(b)(6) conference." [Dkt. No. 16]. The initial conference was scheduled for January 29, 2024, at 5pm. Defendant's counsel failed to appear. [*Id*. at 6].

Counsel for both parties conferred on February 2, 2024 regarding several issues pertaining to discovery including each of the 30(b)(6) noted topics for Defendant's deposition. [*Id*. at 5]. Though no objections were made, nor revisions proposed, Defense Counsel Furman who attended the conference said he would confer with his co-counsel Mr. Hicks and provide Defendant's written objections and any proposed revisions to the topics in short order. [*Id.* at 2-5; Derenski Decl., ¶3]. A Word version of Exhibit A topics was provided to defense counsel to assist the process. [Dkt. No. 61-16 at 4]. On February 5, 2024, Mr. Furman emailed apologizing for not sending over "topic redlines last night as I had promised," and requested a call regarding "some news." [*Id*. at 2]. "The news" included a request for Defendant's Fed. R. Civ. P. 30(b)(6) deposition to be postponed due to Mr. Hick's extended unavailability. [Derenski Decl., ¶3, *see also* Dkt. No. 32].

On April 4, Plaintiffs requested Defendant's responses to the 30(b)(6) topics by April 12, 2024. [Dkt. No. 61-17 at 7]. I "have also not heard back from your office regarding the FRCP 30(b)(6) topics served on January 19th… Please provide your responses no later than April 12th." [*Id*.]. On April 12, when Defendant did not respond regarding the Fed. R. Civ. P. 30(b)(6) topics, Plaintiffs' counsel requested a Fed. R. Civ. P. 26(f) conference. [*Id*. at 6]. Mr. Hicks responded

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 7 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

on April 15 apologizing for the delay, noting Counsel Furman had been on "vacation," and was now on "emergency leave." [*Id.* at 5].

Plaintiff re-noted the deposition for June 7 on May 21, with attached topics in Exhibit A unchanged. [Dkt. No. 61-7 at 9]. Counsel for the parties met for a discovery conference to include deposition topics on May 24, 2024, the result of which was that Defendant would review the Notice topics and respond in writing. The deposition was agreed to be postponed, as pertinent discovery responses to Plaintiffs' First Interrogatories and Requests for Production, served on July 26, **2023** had not yet been provided. [Derenski Decl., Ex. 3; *id.*, ¶3; *see also* Dkt. No. 27 at 308]. Plaintiffs requested Defendant's deposition availability for August or September, and sent several follow up emails. [Derenski Decl., Ex. 3 at 2].

On August 16, 2024, Plaintiffs' counsel authored a detailed discovery letter to Defendant regarding its outstanding discovery, including that it had yet to provide dates for Defendant's 30(b)(6) deposition. [Dkt. 61-8 at 8]. Plaintiffs' counsel requested Fed. R. Civ. P. 26(f) conference for August 27 at 10am. [*Id.*] That call was rescheduled for August 29 at 2pm. [*Id.*, at 2].

The August 29 discovery call was extensive, spanning 2 ½ hours, and was attended by Defendant's counsel Hicks, and Plaintiffs' counsel Malling and Derenski, along with Malling's Associate Erin Cossette. [*Id.,* at 2-4]. The parties discussed, among other extensive discovery issues, Defendant's availability for its Fed. R. Civ. P. 30(b)(6) deposition. [*Id., at 3*]. Mr. Hicks did not object to, nor seek to limit the topics noted in Plaintiffs' Exhibit A Deposition Notice. Mr. Hicks later provided available dates of October 14-18 in an email. [Derenski Decl., Ex. 4]. Plaintiffs once again served notice of the deposition for Tuesday October 15 at 9am. [Dkt. No. 67-7 at 16]. The topics remained unchanged and not objected to. [*Id.*]  Yet again, the parties

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 8 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

conferred on October 7 where objections and proposed revisions were requested in writing. [Derenski Decl., Ex. 2 at 5-6].

2. <u>Defense Counsel sent their Fed. R. Civ. P. 30(b)(6) objections two days before the deposition.</u>

On Wednesday October 9 <u>at 9:20pm</u>, (two business days before the scheduled 30(b)(6) deposition (Monday the 14 was a federal holiday), Defense counsel sent a letter noting general objections as to "overbroad and vague" to all 22 of Plaintiffs' 30(b)(6) topics. Defendant further objected to "specific compensation amounts." [Derenski Decl., Ex. 2 at 3; Dkt. No. 57 at 13]. Without providing proposed revisions, Defendant attempted to limit the scope of Plaintiffs' questions by asserting Defendant's designee would only testify on limited scope of the topics chosen by Mr. Hicks, despite that Plaintiffs were entitled to broad discovery of among other things, Defendant's claim file, claim handling practices, claim handling policies and procedures, incentives, and business practices. [*Id.*].

3. <u>October 13, 2024, Fed. R. Civ. P. 26(f) conference on the 30(b)(6) topics</u>

The parties agreed to meet for a Fed. R. Civ. P.26(f) conference call on the 30(b)(6) objections on Friday October 13 at 3:30pm. [Derenski Decl., Ex. 2 at 2]. Though the parties initially aimed to confer in good faith, the conversation quickly deteriorated, making a productive discussion impossible. [Derenski Decl., ¶3; *id*., Ex. 5]. After several warnings, Plaintiffs' counsel indeed terminated the call. [Derenski Decl., ¶3; *id*., Ex. 5 at 2-7]. Although all parties could have exercised greater civility, Defense Counsel's portrayal of the interaction is misleading and fails to account for his contributions. [Derenski Decl., ¶3; *id*., Ex. 5 at 2-7]. It entirely overlooks the fact that all participants engaged equally in the contentious dialogue. Plaintiffs sent a follow up email detailing that call. [Derenski Decl., Ex. 5 at 2-5].

PLAINTIFFS' OPPOSITION TO STATE FARM'S MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 9 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

During that call, Plaintiffs' counsel again requested any proposed revisions to the deposition topics be sent in writing, and those were never received. [Derenski Decl., ¶3; *id*., Ex. 5].

### G. A Pattern of Delay and Disinformation

Defendant's motion is purely an attempt to detract from its extensive attempts to obstruct and delay discovery and the Motion to Compel it knew was coming. Defendant's responses to Plaintiffs discovery requests are a pattern of delay, resist, deny, and then ambush. It should be noted that Defendant never moved for a protective order. Yet, Plaintiff was asked to agree to a protective order after responses to Plaintiffs' discovery were long overdue, and Plaintiff cooperated in fashioning and entering an agreed protective order. [Dkt. No. 55].

Established, are Defense Counsel's ongoing acts to delay Plaintiffs' deposition of Defendant. Even when the deposition took place, Defense counsel failed to produce a designee for most of the topics and unilaterally proclaimed that another designee would be available at a later date for the rest of the topics. But that designee was also not prepared to answer critical questions included in topics first served on Defendant nine months earlier. [Derenski Decl., ¶3]. Defendant also failed to provide discoverable documents which Plaintiff needed for preparation for the long overdue deposition, formally requested by Plaintiff on July 26, 2023 and May 21, 2024, the former being addressed by this Court during a hearing on March 26, 2024 for Plaintiffs' earlier motion to compel discovery. [Derenski Decl., ¶3; Dkt. Nos. 26, 42].

The defendant provided specifically chosen documents to its second designee for the designee's preparation for the continued deposition on October 24. [See Dkt. 61-11 *filed under seal; see also* Dkt. No 6*2*]. Plaintiff was entitled to, and initially provided copies of those

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 10 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

documents, which Mr. Hicks now seeks to "claw back" and has threatened Plaintiffs' counsel with legal action if not destroyed. [Dkt. No. 61-15].

1. Defense Counsel's Intentional Obstruction

Indeed, Defense Counsel Hicks succeeded in delaying Plaintiffs' deposition of his client, State Farm, for months, and was absolutely knowledgeable of the topics of inquiry since January, waiting only until Plaintiff refused to postpone the deposition again to make any objection to the topics and just two days before the scheduled deposition. [Dkt. No. 57-13]. Days before the discovery cutoff, Mr. Hicks asserted that the designee for the deposition would only answer questions on 7 of the 22 topics, and that another designee would be available October 24, effectively limiting Plaintiffs' options. [Derenski Decl., Ex. 2; *id*., Ex. 1 at 4].

Mr. Hicks also refused to produce documents clearly within the scope of Plaintiffs' discovery requests even after this Court directed such in open court – further delaying discovery for months. [*See* Dkt. No 61-8 at 2-13; *see also* Dkt. 47].

In response, Mr. Hicks will no doubt cite thousands of pages of discovery produced in this case. Many of the productions constitute what courts deem a "document dump" – thousands of uncategorized or indexed pages leaving Plaintiffs with no meaningful way of discerning what many documents were responsive to. All told, well over 17,000 pages of documents were produced, a considerable amount of which are entirely unresponsive to Plaintiffs' discovery requests. No doubt, this was intentional, as emails were separated from attachments by hundreds of pages and at times seemingly out-of-place and tucked between entirely unrelated documents – a documentary wild goose chase, at best. [*See* Derenski Decl., Ex. 2 at 6-7 (requesting organization and indexing of productions]. One such email pertained to Mr. Treat's performance

PLAINTIFFS' OPPOSITION TO STATE FARM'S  
MOTION FOR PROTECTIVE ORDER  
Case No. 2:23-cv-00179-JNW  
Page 11 of 17

CEDAR VIEW LAW, PLLC  
108 UNION AVENUE  
SNOHOMISH, WA 982290  
(425) 460-0080

on Plaintiffs' claim. [*See* Dkt. No. 61-5, *see also* Dkt. No. 61-3 (filed under seal with Dkt. No.62].

While Defendant argues Plaintiffs seek to invade the privacy of State Farm's employees without any evidence of such, it simultaneously produced hundreds of pages of Tim Treat's personnel file entirely outside the scope of Plaintiffs' request. Of which, many included personal or private information, such as copies of a birth certificate, passport, driver's license, and marriage license, in addition to the hundreds of pages of employee reviews dating back to 2000. Plaintiffs sought relevant parts of Mr. Treats' personnel file, including his performance reviews from 2001-present and information related to his Total Rewards compensation package. Of further note is the timing of Mr. Hicks's stratagems which precisely align with the discovery cutoff date, attempting to prevent Plaintiffs from completing the discovery they are entitled to. Defendant's retroactive pursuit of a protective order, and "claw back" of material documents further illustrate its attempts to obstruct Plaintiffs from inquiring into its various compensation plans, of which its Enterprise Incentive Plan and Management Incentive Plan most certainly incentivize claims employees. [*See* Dkt. 61-10].

2. Defendant's Motion Misinforms the Court

In its Motion, Defendant purports to have produced "performance assessments dating back to 2021." [Dkt. No. 56 at 5, ll.9-10]. While it is entirely unclear whether Defendant means incentive program assessments or Mr. Treat's employee evaluations, neither were completely produced and both are the subject of Plaintiffs' Motion to Compel. Moreover, it is demonstrably false that "reduction of indemnity costs was never used as a goal…" This directly contradicts its Fed. R. Civ. P. 30(b)(6) witness who testified that indemnity payments are part of the "Expense" category and distinctly measured to evaluate "Enterprise Performance." Those indeed are part of

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 12 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

the Management Incentive Plan, and managers are evaluated, in part, based on the performance of their teams. [Derenski Decl., ¶3].

### III.   ISSUES PRESENTED

A. Whether the Court should DENY Defendant's Motion for Protective Order when 1) it was brought after Defendants' Fed. R. Civ. P. 30(b)(6) Motion and 2) Plaintiffs are entitled to discovery on matters involving financial incentives and compensations in a bad faith case.  YES.

### IV.   EVIDENCE RELIED UPON

1. Declaration of Heather N. Derenski with attached exhibits,

2. Pleadings and Records in the Court's file.

### V.   LEGAL AUTHORITY AND ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Federal Rule of Civil Procedure 26(b)(1)  "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Salie v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). District courts have broad discretion to control discovery when necessary. *Hallett, v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Federal Rule of Civil Procedure 26(c), "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery or specifying terms, including the time and place, for discovery. Fed. R. Civ. P. 26(c)(1). "A party seeking a protective order under Rule 26 bears the burden of demonstrating good cause required to support such an order." *Great West Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 496 (E.D. Pa. 1994) (internal quotation

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 13 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

marks and citations removed). Further, "[i]t is the moving party's burden to show a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule." *Id.* (internal quotation marks and citations removed).

Here, Defendant makes broad and frivolous assertions of discovery abuse with no evidence. Indeed, ""court[s] have found insureds are entitled to discovery on whether claims personnel had improper **incentives**, **financial** or otherwise, to deny a claim." *Lieberman v. Unum Grp.*, No. C20-1798, 2021 WL 4807643, at *7 (C.D. Cal. Oct. 14, 2021). A party may question a corporation's designee provided that the notice describes "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization."" *Id.* Plaintiff's inquiries into matters of compensation – to include financial incentives, have "routinely been found to be relevant and discoverable in bad faith actions." *Pac. Coast Surgical Ctr., LP v. Scottsdale Ins. Co.*, No. C18-3904, 2019 WL 1199024 (C.D. Cal. Mar. 11, 2019) (internal quotation marks and citation omitted); *see also Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 512 (D.S.D. 2015) (establishing as a "basic premise" that "personnel files in bad faith actions [are] relevant and discoverable"). "Personnel files may reveal an inappropriate reason or reasons for defendant's action with respect to plaintiff's claim or an improper corporate culture." *Am. Auto Ins. Co. v. Haw. Nut & Bolt, Inc.*, No C15-245, 2017 WL 80248 (D. Haw. Jan. 9, 2017) (internal quotation marks and citations omitted); *see Yancey v. Hartford Ins. Co.*, No. C12I-1198, 2013 WL 12142640, at *2 (C.D. Cal. May 23, 2013) (finding that plaintiff was entitled to know whether personnel involved in terminating her claim were rewarded or punished based on their "batting averages"). *Park v. State Farm Fire & Casualty Company*, No. 2:23-cv-01564-TL, 2024 WL 4494877 at *6. "[T]he potential probative value of the **information** contained in those records

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 14 of 17

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

outweigh[s] any privacy concerns" of the subjects of those records. *See Ingram v. Great Am. Ins. Co.*, 112 F. Supp. 3d 934, 940 (D. Ariz. 2015). *Id.* Until Defendant produced or answered Plaintiffs discovery, Plaintiff could not possibly know the interplay between each component of its compensation or the affect it may have on an employees' motivations, including those involved in Plaintiffs' claim. Accordingly, Plaintiffs served broad discovery on the topic, as allowed. Defendant attempts to manufacture a dispute where one did not exist. Plaintiffs never inquired into personal or confidential information, such as individual salary information, nor challenged the redaction of salaries in Defendant's discovery responses. Defendant has offered no evidence of any malfeasance or invasion of privacy. The discovery deadline has expired, and except for Plaintiffs' pending Motion to Compel that includes a request for additional testimony into specific matters relating to Defendant's company incentive plans, the matter is moot.

## VI.   CONCLUSION

For the reasons outlined above, Plaintiffs respectfully ask the Court to DENY Defendants' motion for a protective order and costs, and grant Plaintiffs' costs for their time and expenses in responding.

I certify this memorandum contains under 4200 words, in compliance with the Local Civil Rules.

DATED 1st day of November 2024.

CEDAR VIEW LAW, PLLC

s/*Heather N. Derenski*
Heather N. Derenski, WSBA No. 59366
108 Union Avenue

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 15 of 17

**CEDAR VIEW LAW, PLLC**
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

Snohomish, WA 98290
Tel: (425) 460-0080
Email: heather@cedarviewlaw.com

**KARL E. MALLING, P.S.**

<u>s/Karl E. Malling</u>
Karl E. Malling
1429 Ave D, #167
Snohomish, WA 98290
(206) 629-5241
karl@mallinglaw.com

Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 16 of 17

**CEDAR VIEW LAW, PLLC**
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on November 1, 2024, I caused one true copy of the foregoing document with exhibits to be served in the manner indicated below:

| | |
|---|---|
| **Attorney for Defendant**<br>**State Farm Fire & Casualty Company**<br>James D. Hicks<br>SINARS SLOWIKOWSKI TOMASKA LLC<br>221 1st Avenue W., Suite 200<br>Seattle, WA 98121 Seattle, WA 98119<br>(206) 705-2115<br>jhicks@sinarslaw.com | ☐ U.S. Postal Service<br>☐ Facsimile<br>☐ E-Mail<br>☒ E-Service/ECF<br>☐ Hand Delivery<br>☐ Via Legal Messenger Service |

DATED this 1st day of November 2024, in Snohomish, Washington.

CEDAR VIEW LAW, PLLC

*s/Heather N. Derenski*
Heather N. Derenski, Attorney

PLAINTIFFS' OPPOSITION TO STATE FARM'S
MOTION FOR PROTECTIVE ORDER
Case No. 2:23-cv-00179-JNW
Page 17 of 17

**CEDAR VIEW LAW, PLLC**
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080