EXHIBIT 6

| | |
|---|---|
| From: | Heather Derenski |
| To: | James Hicks; Karl Malling |
| Cc: | Wendy Morrow; Sean Marrin |
| Bcc: | Kaily Watson |
| Subject: | RE: Wright v. State Farm -- Failed, partial discovery conference that you hung up on |
| Date: | Saturday, October 12, 2024 6:07:00 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

Mr. Hicks,

Because of your firm's repeated broken promises, repeated efforts to delay if not styme appropriate discovery, and consistent attempts to misrepresent conversations, such as your latest email to which this is Plaintiff's response, we will not take any more phone calls from you or anyone else from your firm. Any future communication shall be by email or RECORDED Zoom video meeting.

The meeting yesterday afternoon at 3:30pm was scheduled as an FRCP26(f) conference regarding the 30(b)(6) deposition topics. Just minutes before our scheduled conference call, you insisted this be a Microsoft Teams meeting adding in the topic of "Plaintiffs' damages itemization" in the subject line despite not previously discussing that with us. The meeting invite excluded co-counsel Mr. Malling, and when Heather informed you he was attempting to join, but the meeting would not allow him access, you told Heather she should just "put him on speaker phone by the microphone." You refused to update the meeting or convert to a conference call to allow Mr. Malling to join citing that you "weren't good with technology."

YOUR MEMORIALIZING EMAIL: "This is to memorialize the failed, partial discovery conference that we just held. We first discussed my request for supplementation of your damages itemization, which I have requested several times over numerous months."

PLAINTIFFS' RESPONSE:

Despite the unscheduled discussion of the Wrights' supplemental discovery responses on damages, we agreed to discuss that topic during the 26(f) call. Plaintiffs made a good faith effort to provide the extent of their known damages in their discovery responses. We have discussed on more than one occasion that Plaintiffs are supplementing their damages and will continue to timely supplement Defendant's discovery. Despite this, you repeatedly claimed during the call that we "refused to supplement" the Wrights' discovery responses - an example of your attempts to establish a falsehood by repeating unsupported assertions. You also attempted this during our conference call on August 29th threatening to "take it to the judge" that we "refused to supplement" after we again told you we were supplementing but needed the additional information from State Farm's overdue discovery responses to supplement to the specificity you demand. We addressed these false claims you made again several times during the call yesterday afternoon.

To supplement the Wrights' damages to the specificity you are demanding requires the production of documents by State Farm which are over a year overdue!  This includes, but is not limited to, text messages exchanges and the claims portal documents. It will also require State Farm to provide answers about how it calculated some of the Wrights' damages which were not included with their payments, despite the well-recognized duty to provide explanations and itemizations.  That information is not contained in the "claim file" you produced. The deposition of Tim Treat will hopefully provide some helpful information needed and long overdue.  As we have repeatedly informed you, once we can resolve the clients' damages through those means, the Wrights will be in a better position to supplement with the particularity and specificity you demand.

Your attempts to manufacture a discovery issue where one does not exist is disingenuous and purely an attempt to deflect the fact that State Farm has outstanding discovery responses more than a year overdue.  You have repeatedly promised since March that the production(s) were "imminent" only to produce partial productions and more broken promises to provide complete discovery responses "soon."  Most recently you promised to deliver them Monday, October 7, then Wednesday, October 9, then Thursday, the 10th.  Last night, after 7pm, a partial response of 3,700 pages of additional discovery, formally requested over a year ago, were emailed to us.  Presumably, these are documents relevant to the deposition of State Farm scheduled for the next business day.   We can only deduce from this perfectly timed production that it was planned to allow you to say we received the documents before the deposition, but not giving us adequate opportunity to review.

YOUR MEMORIALIZING EMAIL: "Then, we turned to your 30(b)(6) notice and my written objections. You stated that you did not think that a discussion of my objections was necessary. I explained that under 30(b)(6), we are required to meet and confer to discuss the notice topics and attempt to find agreement and I cited the rule…. We will state our objections on the record as necessary, and to the extent that you ask questions beyond what we believe is discoverable under the limitations provided in Rule 26, I will object, direct the witness not to answer, and we will promptly file a motion for protection and recovery of all costs resulting from your failure to meet and confer in good faith.""

PLAINTIFFS' RESPONSE: You informed us we were required to meet each time the 30(b)(6) was rescheduled but could not provide any authority on that this week when it was requested of you. We believe we have met our obligations to meet and confer under FRCP 30(b)(6) and despite our prior 30(b)(6) conferences, came to the meeting yesterday afternoon to confer in good faith. This deposition was originally noted nine months ago on January 19th and served with a letter requesting an FRCP 30(b)(6) conference. Heather had to repeatedly request availability of you for those meetings. The initial meeting was scheduled for January 29th at 5pm and you no-showed, as did your co-counsel.  We rescheduled for February 2nd and had a lengthy conversation about each topic. No objections were provided and no requests to limit topics were made, only that any objections or proposed changes would be "forthcoming."  This deposition has been re-noted multiple times. We met again on May 24th discussing the 30(b)(6) topics. Once again, no objections or proposed changes were made, nor did you seek a protective order.

We agreed to meet with you in good faith yesterday at 3:30pm, for a third meeting, the last business day before the latest scheduled deposition. You sent a list of 22 objections of the topics of inquiry Wednesday night at 9:20 pm. This was the first time we received any objections to our specified areas of inquiry in the Notice of 30(b)(6) Deposition which was initially noted nine months ago. During yesterday's call, we acknowledged your objections, which were noted in your letter received at 9:20pm on Wednesday. We agreed that you can make your objections at the time of the deposition. We also offered to make your letter an exhibit to the deposition. The Court, if necessary, will rule on your objections. We stated reviewing each of your broad objections wasn't a productive use of the time. You then demanded that we agree to your *verbally* proposed changes to each of the 22 Topics, articulated for the first time at 4:40 pm yesterday, arguing "relevancy" of the Topics. Your October 9 objection letter did not offer proposed changes, and the discussion demanding we limit the scope of the 30(b)(6) deposition was just minutes from the close of business on the last business day before the 30(b)(6) deposition. You told us that if we didn't agree to your demands on each topic, you would instruct the witness not to answer.

Your email states that Heather agreed "not to ask questions about specific compensation amounts, then Karl interrupted…" This isn't accurate. You began interrupting Heather's response, which has been a familiar tactic of yours in previous conferences and prevalent during this call. Before Heather could finish her response regarding limiting the questions pertaining to compensation, you cut her off. Your "summary" of her remarks is inaccurate. Once Heather had the opportunity, she reiterated that we would agree to limit the compensation amounts for specific upper management, but not for Tim Treat or his supervisors involved in the Wrights' claim. She specifically addressed the relevancy of the compensation packages of Mr. Treat, or any managers directly involved in the handling of the Wrights' claim because they include incentives which encourage certain claims handling practices.

It became clear given your immediate misrepresentation of Heather's discussion, distorting her words to fit your objectives, that any further verbal discussion on the Exhibit A Topics would be unproductive. Only after, did we refuse to further engage verbally on the topics.

Your characterization of our comments regarding the tone and "interruptions" is entirely void of context and once again an attempt to deflect that we had to repeatedly address your interruptions and constant mischaracterization of our statements, e.g. That we "refused to supplement the Wrights' discovery responses" despite this being directly contrary to what Heather had repeatedly just told you. In response you became angry and aggressive. The call was cut short due to your repeated misrepresentations of our conversation and ignoring our responses to your assertions, which made it entirely unproductive to proceed.

YOUR MEMORIALIZING EMAIL: "We discussed my request to break up the 30(b)(6) deposition into two depositions, and to stipulate to a continuance of the discovery deadline to allow for the second deposition to take place in November, after my trial that starts on 10/28. To be clear, on Monday morning, October 7, 2024, I requested that the deposition be broken into two parts by topics as follows: 10/15: Witness #1 - Topics 1, 2, 7, 8, 9, 13, 14  November asap after my trial concludes: Witness #2 - All remaining topics"

PLAINTIFFS' RESPONSE: Just this week, you insisted we "stipulate" to State Farm's second designee appearing in November after the discovery cutoff, at a time convenient to you. We are not stipulating to a bifurcated deposition. You provided State Farm's availability for its deposition, and we noted its deposition based on the dates you informed us State Farm would be ready – and all this coming nine months after the deposition was first noted. You did so with full knowledge of the Topics in Exhibit A, which you've had since initially noted. We will proceed with the deposition on Tuesday as noted, and if State Farm isn't prepared, we'll address it at that time, and with the Court, as necessary.

Last, you have demanded as of last evening, after business hours, that expert witness Mr. Meeds, who needed to reschedule his deposition, appear at 5:30pm on Monday, a Federal Court holiday "or else" you'll file a Motion to Exclude. We have been more than accommodating with your witnesses needing to reschedule their depositions for various reasons or to accommodate your "medical condition" that directly impacted the timing of my clients' case. Mr. Meeds immediately offered his availability on the 16th and is willing to make himself available on other dates. The after-hours demand *last night,* that he appear with almost no notice on Monday, a Federal Court Holiday, accompanied by the threat of a motion to exclude is yet another example of the unreasonable threats and intimidation tactics you've deployed throughout this case. Mr. Meeds is available on the 16th. If that doesn't work for you, please provide alternative dates and we can check his availability.

Karl & Heather

---

**From:** James Hicks <jhicks@sinarslaw.com>
**Sent:** Friday, October 11, 2024 5:13 PM
**To:** Heather Derenski <Heather@cedarviewlaw.com>; Karl Malling <karl@mallinglaw.com>
**Cc:** Wendy Morrow <wmorrow@sinarslaw.com>; Sean Marrin <smarrin@sinarslaw.com>
**Subject:** Wright v. State Farm -- Failed, partial discovery conference that you hung up on

Counsel:

This is to memorialize the failed, partial discovery conference that we just held.

We first discussed my request for supplementation of your damages itemization, which I have requested several times over numerous months. This includes your clients' answers to our Interrogatory Nos. 6-9 and 15. You have never supplemented your clients' original answers from over a year ago, and you have never agreed to supplement your answers in any particular time frame, other than to say that after Tim Treat's deposition next week, you will let me know whether you intend to supplement your answers if you conclude that supplementation is necessary.

Then, we turned to your 30(b)(6) notice and my written objections. You stated that you did not think that a discussion of my objections was necessary. I explained that under 30(b)(6), we are required to meet and confer to discuss the notice topics and attempt to find agreement and I cited the rule:

"Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."

We discussed my request to break up the 30(b)(6) deposition into two depositions, and to stipulate to a continuance of the discovery deadline to allow for the second deposition to take place in November, after my trial that starts on 10/28.  To be clear, on Monday morning, October 7, 2024, I requested that the deposition be broken into two parts by topics as follows:

**10/15: Witness #1 -** Topics 1, 2, 7, 8, 9, 13, 14
**November asap after my trial concludes: Witness #2 -** All remaining topics

This breakdown also makes sense because, while we will be imminently supplementing our discovery responses to address the concerns outlined in your August 18, 2024 letter and the subsequent discovery conference we conducted on August 29, 2024, we are still working on our supplement to RFP No. 15, which includes your request for State Farm written materials regarding company policies and procedures.  Breaking up the topics in the way we have proposed will ensure that you have reasonable time to review those materials before we respond to the topics that relate to those materials.

Although on Monday, you indicated that you would consider this, today you rejected my request and said that you will go forward with the entire 30(b)(6) deposition on Tuesday, with State Farm's first witness, without any agreement or stipulation on the subject.

Third, we began discussing my written objections.  While we were starting with Topic 1, Heather agreed to not ask questions about specific compensation amounts, then Karl interrupted and said that you are not agreeing to anything.  Soon thereafter, Karl said that the discussion is over and that you would not agree to any limitation of the deposition or discuss any of my objections any further, then you both hung up.

I will also note for the record that during our call, Karl constantly yelled/raised his voice at me; Karl called my objections "B.S."; you both regularly interrupted me and my explanations; Heather stated that I'm "full of shit"; and at one point I stated that your tone and language was inappropriate, and that I would not tolerate it, and that I would end the call and raise this issue with the Court if you did not stop.

In short, you have not met your obligations under 30(b)(6).  Nonetheless, State Farm will proceed with producing a single witness on Tuesday, as scheduled, for Topics 1, 2, 7, 8, 9, 13, and 14, as we have proposed.  We will state our objections on the record as necessary, and to the extent that you ask questions beyond what we believe is discoverable under the limitations provided in Rule 26, I will object, direct the witness not to answer, and we will promptly file a motion for protection and recovery of all costs resulting from your failure to meet and confer in good faith.

Jim



**James D. Hicks**

Partner

🏢  221 1*st* Avenue W • Suite 200 • Seattle, Washington 98119

📞 (206) 593-1164         📠 (312) 767-9780         🌐 SinarsLaw.com

📍 (312) 767-9790 • Chicago, IL          📍 (618) 215-6780 • Edwardsville, IL
📍 (314) 391-2260 • St. Louis, MO       📍 (206) 705-2115 • Seattle, WA
📍 (312) 767-9790 • Dallas, TX

**CONFIDENTIALITY NOTICE:** The information contained within this email and any accompanying attachments are confidential. Both the information and the electronic documents belong to the sender and are legally privileged. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this email in error, please immediately notify the sender.