**HONORABLE JUDGE JAMAL N. WHITEHEAD**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL WRIGHT and ALEXIS WRIGHT, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, a foreign insurer,<br><br>Defendant. | Case No. 2:23-cv-00179-JNW<br><br>PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY<br><br>ORAL ARGUMENT:<br><br>December 2, 2024 at 2:00 p.m. |

Plaintiffs respectfully submit this Reply to address Defendant State Farm & Casualty Company's opposition to Plaintiffs' Motion to Compel. Defendant's arguments fail to justify the withholding of critical discovery materials relevant to Plaintiffs' claims of bad faith. Despite Defendant's attempts to minimize its obligations and mischaracterize the evidence, Plaintiffs have demonstrated the relevance, necessity, and proportionality of the requested documents and additional testimony.

Defendant's claw-back request and reliance on purported trade secret protections are particularly unfounded given the documents were relied upon to prepare and during its deposition

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 1 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

which was prior to its claim of inadvertent disclosure. The documents are also directly responsive to Plaintiffs discovery requests.

Defendant's response exaggerates claims of burden and confidentiality while avoiding its inadequate discovery practices and obstruction of Plaintiffs' access to critical information necessary to support their bad faith claim. For the reasons laid out in Plaintiffs' Motion and below, Plaintiffs respectfully request that the Court grant their Motion to Compel.

**A. Plaintiffs' Discovery Requests are Relevant and Proportional to Their Bad Faith Claim and Supported by Washington Courts and Beyond**

1. <u>The documents requested are justified</u>

The documents and information Plaintiffs seek are proportional to the needs of the case and pursuant to Fed. R. Civ. P. 26(b)(1). Plaintiffs' Requests for Production (RFP) 20 and 21 seek documents regarding employee and management incentive plans and personnel files for employees and managers instrumental in the decision-making on Plaintiffs' claim. These were requested after Plaintiffs learned that Defendant's adjuster Tim Treat ("Treat") was specifically counseled and criticized for his claim handling on Plaintiffs' claim, including accusations that he initially overpaid for structural repairs despite the payment being substantially lower than Plaintiffs' estimate. In its response, Defendant selectively withheld relevant performance-related evaluations for its claims and management employees, including the adjuster Treat for the time-period corresponding with Plaintiffs' claim, and further withheld key information regarding its incentive plans for the corresponding years. These documents may reveal the "why" behind Defendant's decisions or key motivations for certain claim handling behaviors by Treat and management involved in Plaintiffs' claim. This includes the denial of some policy benefits and compromised settlement. **Plaintiffs had to file suit to receive payments under their policy**. As briefed in Plaintiffs' Motion, the requests are justified and supported by Washington law.

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 2 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

1  Likewise, Plaintiffs should be entitled to depose Defendant regarding the information contained
2  in these documents. As briefed in Plaintiffs' motion, this is especially relevant given Defendant
3  testified that expenses are a considerable measurement for the Management Incentive Plan. [*See*
4  Supplemental Declaration of Heather N. Derenski, Ex. 1, 22:2-9; 37:5-20; 39:4-6; 54:15-56:7].

2. <u>Defendant is not absolved of bad faith for making claim payments under the policy</u>

Defendant contends that its incentive and compensation documents are irrelevant because Plaintiffs' claim was covered, and payments were made, yet it offers no legal support for this argument. Plaintiffs initiated litigation to recover benefits owed under their policy, including payments for structural loss, contents, and additional living expenses. [Dkt. No. 1-2]. Paying benefits does not absolve Defendant of bad faith or preclude Plaintiffs' claims. RCW 48.30.015. *See also Coventry Assoc. v. American States Ins. Co.*, 136 Wn.2d 269, 280, 961 P.2d 933 (1998).

3. <u>Defendant's claim that Plaintiffs' discovery requests are barred is unsupported</u>

Courts, including the Western District of Washington, routinely find that employee performance metrics, reviews, and financial incentive documents are discoverable in bad faith cases, as briefed in Plaintiffs' Motion. Such documents shed light on whether claims handling decisions were improperly influenced by financial incentives or cost-reduction goals, central to Plaintiffs' allegations. Defendant's assertion that the discovery is disproportionate is unsupported and lacks merit and is unsupported. Plaintiffs have narrowly tailored their requests to documents directly related to claims handling and performance metrics for employees involved in Plaintiffs' claim. The relevance of these documents far outweighs any claimed burden, particularly as Defendant has already produced thousands of irrelevant documents, including documents from Treat's personnel files. Defendant's arguments, if accepted would suppress critical evidence such as incentive plans and performance reviews which directly pertain to Plaintiffs' bad faith claims

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 3 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

and raises legitimate concerns about the motivations behind Defendant's claims handling practices. This is especially true given Defendant's internal evaluations highlighted Treat's failure to follow established claim-handling protocols, delays, and deficiencies in assessing Plaintiffs' loss.

**B. The "Claw Back" Demand Should Be Denied**

Defendant seeks to claw back four pages of documents of the production labeled WRIGHT00003557-00003622 produced in response to RFP No. 20 for its financial incentive plans, claiming the documents are confidential, trade secrets and were inadvertently disclosed. [Dkt. No. 61-11; Dkt. No. 62]. Their claim should be denied. Their argument is disingenuous for several reasons:

1. <u>Defendant's corporate representative Feely testified that he reviewed the documents to prepare for his deposition</u>

Plaintiffs' Counsel used all the documents produced by Defendant regarding its incentive plans during its Fed. R. Civ. P. 30(b)(6) deposition, including the documents at issue in the "claw back." John Feely was the Defendant's designee. [Derenski Suppl. Decl., Ex. 2]. The documents were marked as "Exhibit 5" to Feely's deposition on October 4, 2024. [*Id*.]. Plaintiffs' Counsel went through the production in its entirety. [Derenski Suppl. Decl., Ex. 1, 63:14-19]. Mr. Feely also gave detailed testimony regarding the "claw back" pages and explained how the information was relevant to Defendant's Enterprise Incentive and Management Incentive Plans. Including, what measurements comprise various goals for each plan. [*Id*., 49:9-53:10].

2. <u>Feely demonstrated prior awareness of the "claw back" documents</u>

During his testimony, Feely also demonstrated awareness of the documents at issue in Defendant's subsequent "claw back" request, prior to those pages being reviewed during his deposition. [*Id*., 17:14-18:1]. Feely not only confirmed he reviewed the entirety of those

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 4 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

documents **but directed Plaintiffs' counsel to specific pages later in the exhibit, including Bates 3614**, a page of which is the subject of Defendant's "claw back" request. [*Id*., 63:14-19]. This demonstrates both his reliance on and familiarity with the entire set of documents and refutes Defendants claims to the contrary. Defendant offers an ambiguous claim that Mr. Feely only reviewed the "MIP" and "EIP," however, that is directly contradicted by his testimony and his prior knowledge of the existence of the pages at-issue in the "claw back" as well as the subject matter of those specific pages. [*Id.,* 17:14-18:1; 63:14-19].

At the end of the deposition, Plaintiffs' counsel specifically asked Mr. Feely to confirm if he reviewed all of the documents produced in response to Plaintiffs' request for Defendant's incentive plans, which were bates labeled WRIGHT00003557-00003622 and marked as Exhibit 5 to his deposition, including the four pages of the "claw back" request. He affirmed that he did. "…And just to be clear that was the document **that we've [sic] just went through in total** that was the only document that reviewed [sic] prior to the deposition; is that right? A. Yes, that's correct." [*Id*., 63:14-19]. (emphasis added).

    3. <u>The "claw back" documents are relevant and proportional to the needs of the case</u>

The four pages of documents at issue in Defendant's "claw back" are directly responsive to Plaintiffs' Request for Production number 20. Bates 3614-15 articulates Defendant's Enterprise Incentive Plan ("EIP") "performance measures," "performance results," and projected incentives available for that period of time. [*Id*., 49:9-22]. This is also true for the documents Bates labeled 3621 and 3622. These performance-result documents, or "scorecards" are published on Defendant's intranet for employees and managers to track company performance related to year-end targets. They most certainly could influence specific claim handling behaviors. [*Id*., 35:16-36:12].

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 5 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

4. <u>Plaintiffs are entitled to seek a remedy from the Court regarding the "claw back" documents</u>

Defendant's claim that it inadvertently disclosed the documents and that Plaintiffs are not entitled to seek a ruling from the Court are without merit. First, it is questionable whether the documents were actually an "inadvertent disclosure" when the documents were responsive to Plaintiffs Request for Production and then used by a witness to prepare for his deposition. That the documents were later claimed by Defendant to be "inadvertent disclosure" does not bar Plaintiffs from seeking the Court's guidance. Fed. R. Civ. P. 26(b)(5)(B) allows Plaintiffs to seek the Court's discretion regarding the claim of inadvertent disclosure given the pages were part of a marked exhibit to Defendant's Fed. R. Civ. P. 30(b)(6) deposition, relied on by Defendant for its deposition testimony, and used to prepare Defendant's witness. [*Id*., including & Advisory Committee Notes (2006 Amend.)]. Plaintiffs have complied with the Rule, which "are straight forward. Once a party is notified that a claim of privilege is being made, the party must either return or destroy the document or the party may turn the document over to the court for determination of the claim." *Piasa Commercial Interiors*, *Inc. v. J.P. Murray Co*., No. 07-617-DRH, 2010 WL 1241563, at *2 (S.D. Ill. March 23, 2010).

Defendant's witness used the documents to prepare for his deposition, confirmed he did so on the record, and would have been required produce those documents in response to the Fed. R. Civ. P. 30(b)(2) Request for Production and that is material. Moreover, the "claw back" request came *after* Plaintiffs' specifically addressed that the documents were responsive to Request for Production No. 20 and Topic 3 of the Rule 30(b)(6) Notice and requested the similarly situated documents during a conference. [Derenski Suppl. Decl., Ex. 1, 57:6-60:13].

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 6 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

      Remarkably, Neither Defendant nor its counsel made a claim of inadvertent disclosure at the time the documents were reviewed and came only after a Fed. R. Civ. P. 26(f) conference. [*Id.*; Derenski Supp. Decl, ¶3]. A subsequent discussion took place regarding Plaintiffs' request for these documents off the record with Defense counsel Hicks and yet again there was no claim of inadvertent disclosure.[*Id.*] Rather than discuss the issues, Defense counsel Hicks solicited Plaintiffs' concerns regarding the missing production raised pursuant to Rule 26(f) in writing. [*Id.*]. The "claw back" letter came the following day. [Dkt. No. 61-15] Defendant's claims that Plaintiffs refused to respond regarding the documents contained in the "claw back" are also untrue. [*See Dkt. No. 61-18*].

### C. The Protective Order Adequately Protects Defendant's Confidentiality Concerns

      Defendant's confidentiality arguments are unpersuasive. The Court's Amended Stipulated Protective Order already provides sufficient safeguards for sensitive business information included the documents subject to the "claw back." Plaintiffs have offered to further address Defendant's concerns through redactions, but Defendant has refused to explore these alternatives. [Dkt. No. 61-18 at 2]. This failure to minimize the material filed under seal violates LCR 5(g)(3). Moreover, Defendant has not substantiated its claim that these documents constitute trade secrets under RCW 19.108.010(4). General assertions of competitive harm are insufficient to override Plaintiffs' right to discovery of relevant evidence.

### D. Defendant's Meet-and-Confer Objections Are Baseless

      Defendant accuses Plaintiffs of failing to meet and confer. Plaintiffs attempted to resolve these issues in good faith, including by correspondence and conference as briefed extensively in Plaintiffs' Motion. "The "meet and confer" requirement is not intended to be an obstacle, but rather a vehicle. Counsel's responsibility is not to send an email, have a meeting, and then check

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 7 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

the box indicating that they have conferred "in good faith." Rather, counsel are required to make a reasonable attempt to determine if solutions can be found to difficult discovery issues." *Meyers v. DCT Techs*., Inc, CASE NO. 11-cv-05595 RBL (W.D. Wash. Jun 11, 2012). Defendant's unavailability and subsequent refusal to engage forced Plaintiffs to seek Court intervention and in compliance with the Court's deadlines, and substantively negates its procedural arguments.

E. **Defendant's Motion to Seal**

Plaintiffs will respond to Defendant's Motion to Seal in separate pleadings. [Dkt. No. 76].

I. **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion to Compel in full, deny Defendant's claw back request, and award Plaintiffs costs for the additional deposition testimony of the Defendant, but reserve ruling on any sanctions including costs under Fed. R. Civ. P. 26(g) and 37(b) and (d).

I certify this memorandum contains under 2100 words, in compliance with the Local Civil Rules.

DATED this 22nd day of November 2024.

**CEDAR VIEW LAW, PLLC**

s/*Heather N. Derenski*
Heather N. Derenski, WSBA No. 59366
108 Union Avenue
Snohomish, WA 98290
(425) 460-0080
heather@cedarviewlaw.com

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 8 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

**KARL E. MALLING, P.S.**

*s/Karl E. Malling*
Karl E. Malling
1429 Ave D, #167
Snohomish, WA 98290
(206) 629-5241
karl@mallinglaw.com

Attorneys for Plaintiffs

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 9 of 10

CEDAR VIEW LAW, PLLC
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on November 22, 2024, I caused one true copy of the foregoing document with exhibits to be served in the manner indicated below:

| | |
|---|---|
| **Attorney for Defendant**<br>**State Farm Fire & Casualty Company**<br>James D. Hicks<br>SINARS SLOWIKOWSKI TOMASKA LLC<br>221 1st Avenue W., Suite 200<br>Seattle, WA 98121 Seattle, WA 98119<br>(206) 705-2115<br>jhicks@sinarslaw.com | ☐ U.S. Postal Service<br>☐ Facsimile<br>☐ E-Mail<br>☒ E-Service/ECF<br>☐ Hand Delivery<br>☐ Via Legal Messenger Service |

DATED November 22, 2024, in Snohomish, Washington.

CEDAR VIEW LAW, PLLC

*s/Heather N. Derenski*
Heather N. Derenski, Attorney

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
Case No. 2:23-cv-00179-JNW
Page 10 of 10

**CEDAR VIEW LAW, PLLC**
108 UNION AVENUE
SNOHOMISH, WA 982290
(425) 460-0080