1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL WRIGHT; ALEXIS WRIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | CASE NO. 2:23-cv-179 <br><br> ORDER |

1. INTRODUCTION

This matter comes before the Court on several discovery-related motions:

- Defendant State Farm Fire & Casualty Company's ("State Farm") Motion for Protective Order, Dkt. No. 56;

- Plaintiffs Michael Wright and Alexis Wright's ("the Wrights") Motion to Compel, Dkt. No. 60;

- the Wrights' Motions to Seal, Dkt. Nos. 62, 83; and

- the Wrights' Unopposed Motion and Amended Motion to Continue the Dispositive Motion Deadline, Dkt. Nos. 69, 79.

Having reviewed the briefings, the record, and the law, and having heard oral argument, *see* Dkt. No. 92, the Court rules as ordered below.

## 2. MEET AND CONFER

Counsel for the parties have traded barbs in their briefs and during oral argument about each other's lack of professionalism and motives, and they offer competing accounts about their meet and confer efforts and who is to blame for a breakdown in communications. Counsel *must* act with "a high degree of professionalism and collegiality" during any meet and confer. LCR 1(c)(6). Regardless of whose story is to be believed, counsel fell short of this standard here. Expletive-laden phone calls, hang-ups, backing out of prior agreements without explanation, and misleading emails purporting to "memorialize" phone calls demean the integrity of the legal process and show disrespect to all concerned, including the Court in having to resolve petty disputes. Let it be clear: the Court will not tolerate such conduct moving forward and it expects all attorneys to adhere to the highest standards of professionalism, civility, and ethical practice moving forward.

Setting aside the parties' hyperbole and bluster, the various phone calls, letters, and emails submitted into evidence show that the parties have discussed the issues raised in their respective motions and that they've hit an impasse, requiring judicial intervention. Thus, the Court finds that the parties have satisfied the meet and confer requirement with respect to the motions for a protective order and to compel, even if just barely. *See* LCR 26(c)(1); LCR 37(a)(1).

### 3. STATE FARM'S MOTION FOR PROTECTIVE ORDER

The Wrights served State Farm with a Rule 30(b)(6) deposition notice, requesting that State Farm produce a witness to testify about "[t]he names, job titles, annual compensation amounts and structures, and description of the positions of State Farm's employees within the office or offices responsible for handling or supervising the insurance claim at issue in this lawsuit[.]" *See* Dkt. No. 57 at 7 (Topic No. 1). The notice contained a separate request under Rule 30(b)(2) for "all documents" that State Farm's designee relied upon to prepare for the planned deposition. *Id.* at 10. Days before the scheduled deposition, State Farm objected to this topic, among others, arguing that "specific compensation amounts … [are] private, not relevant to any party's claim or defense, and not proportional to the needs of the case." *Id.* at 13.

Now, State Farm moves after the fact for a protective order to limit discovery related to "specific compensation details of individual State Farm employees including annual salaries, bonuses, or other payment structures received in connection with Plaintiffs' claim for insurance coverage, payments, or benefits." Dkt. No. 56-1 at 2. State Farm argues this information is "private and not proportional to the needs of the case." Dkt. No. 56 at 3. It also claims that "the Wrights' demand for the private and sensitive financial compensation of individual State Farm employees – who are not parties to this case – appears to be directed at embarrassing and harassing claim handlers and managers associated with their claim." *Id.* at 10.

"A court may enter a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Jones v. Washington Dep't of Fish & Wildlife*, No. C16-5637 BHS, 2018 WL 1382538, at *1 (W.D. Wash. Mar. 19, 2018) (quoting Fed. R. Civ. P. 26(c)(1)). "The moving party bears the burden of showing that 'specific prejudice or harm will result if no protective order is granted.'" *Id.* (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)).

The Wrights assert a bad-faith insurance claim against State Farm, arguing in part that State Farm employees involved in handling the Wrights' claim placed their personal financial gain through State Farm's bonus and incentives program over the Wrights' interests as the insured. The Wrights cite ample support for their position that, under these circumstances, "insureds are entitled to discovery on whether claims personnel had improper incentives, financial or otherwise, to deny a claim." *See* Dkt. No. 64 at 14 (citing cases) (quoting *Lieberman v. Unum Grp.*, 2021 WL 4807643, at *7 (C.D. Cal. Oct. 14, 2021)). Given the relevance of financial incentives to their case theory, the Wrights' need for the requested discovery outweighs any alleged harms. Other courts in this district have reached the same conclusion. *See, e.g., Bagley v. Travelers Home & Marine Ins. Co.,* No. C16-0706 JCC, 2016 WL 4494463, at *6 (W.D. Wash. Aug. 25, 2016) (granting plaintiff's motion to compel; ordering defendant insurance company to produce "employee compensation program" information *and* specific personnel files, including individual "compensation information."). Moreover, State Farm failed to explain how the already-entered protective order is insufficient. *See* Dkt. No. 55. To the

ORDER - 4

contrary, State Farm may designate compensation information as confidential to protect the privacy of its employees.

In any event, even setting aside the merits, the Court finds that State Farm's request is moot. If a protective order was necessary, State Farm should have sought it sooner. The discovery deadline has passed, and the Wrights do not seek to re-open the Rule 30(b)(6) deposition as it relates to Topic No. 1 of their notice. *See below* § 4 (discussing motion to compel seeking to re-open Topic Nos. 3 and 4 but not Topic No. 1). The late timing of State Farm's motion is sufficient grounds for its denial.

## 4. THE WRIGHTS' MOTION TO COMPEL

The Wrights move to compel documents responsive to their Request for Production Nos. 20[1] and 21[2] and related to Topics No. 3[3] and 4[4] of their Rule

---

[1] RFP 20 seeks: "Defendant's employee and management incentive plans, rewards packages, scorecards related to performance and rewards/awards, performance standards and metrics from 2021 – present." Dkt. No. 61-6 at 8.

[2] RFP 21 seeks: "A copy of the compensation, employee performance scorecards, performance reviews, bonuses, and awards for [insurance adjuster Tim] Treat and his chain of command of leadership from 2021 to the present." Dkt. No. 61-6 at 9.

[3] Topic No. 3 seeks information related to: "Financial incentives, bonuses, including short term incentive programs (however called) that State Farm claim adjusters, claim managers or other employees may be eligible for, and the criteria, process, or metrics used (however called) to determine whether a claim adjuster/claim managers/employee is eligible to receive the incentive, bonuses, including short term incentive programs (however called)." Dkt. No. 61-7 at 4.

[4] Topic No. 4 seeks information related to: "Criteria and process used to evaluate employee performance for the employees involved in the Wrights' claim. [NOTE: To the extent that the criteria and process is different for different types of employees, this request is seeking a witness to discuss the criteria and process used to evaluate employee performance for those employees who handle any Washington homeowner claims]." Dkt. No. 61-7 at 4.

30(b)(6) deposition notice. Dkt. No. 60. They also seek to depose State Farm through a Rule 30(b)(6) Designee about State Farm's financial incentive plans, and they seek a ruling against State Farm's demand to "claw back" incentive plan summary documents produced in response to the Wrights' discovery requests. *Id.*

From a global perspective, State Farm objects on the grounds that the Wrights seek production of trade secrets whose publication will harm State Farm and that the documents sought are disproportional to the needs of the case. *See generally* Dkt. No. 71. The Court is not persuaded. Rule 26 governs the scope of discovery, including trade secrets, and State Farm points to no authority imposing a different standard for such information. Under Rule 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b); *see also* Advisory Committee Notes to 1970 Amendments to Rule 26(c) ("The courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure.").

As discussed above, the Wrights allege the information sought shows that State Farm's claim handlers had financial incentives to deny their claims. Without commenting on the admissibility of such information, the Court finds that it has some tendency to make the Wrights' bad faith claim more or less probable. *See* Fed. R. Evid. R. 401. State Farm, and no one else, has this information, and State Farm

argues no outsized burden or expense associated with production. Thus, on balance, the Rule 26(b) factors favor discovery, as the information sought is proportionate to the needs of the case. The Court therefore overrules State Farm's global objection to the motion to compel, finding that the protection available through the parties' stipulated protective order, Dkt. No. 55, is sufficient to ensure a balance between safeguarding trade secrets and facilitating fair discovery.

Having dispensed with the global objection, the Court turns to the Wrights' specific requests. First, the Wrights move to compel (i) full responses to RFP 20, "including the monthly, quarterly and annual financial incentive summaries from 2021-present, and any documents that illustrate the composition or make of any financial incentive "expense" categories or "expense modifiers"; (ii) full responses to RFP 21, "including all claims handlers or managers directly involved in the consideration of coverage, or processing of Plaintiffs' claim, and claims managers involved in the oversight of Plaintiffs' claims"; and (iii) any documents required to be produced in response to Plaintiffs' 30(b)(6) deposition notice pursuant to Rule 30(b)(2). Dkt. No. 60.

Despite overruling State Farm's global objection, the Court finds that these requests paint with too broad a brush relative to the purported relevance of information sought. As such, the Court orders the production of specific documents as follows. As it relates to RFP 20, the Court orders State Farm to produce, from 2021 to present, its (i) Enterprise and Management Incentive Plans, (ii) monthly, quarterly, and annual "scorecards," if any, for measuring company performance, and (iii) its "Scorecard Measurement Definitions." As it relates to RFP 21, the Court

orders State Farm to produce, from 2021 to present, insurance adjuster Tim Treat's performance reviews, as well as documents reflecting his compensation, bonuses, and awards.[5] The Court ORDERS State Farm to produce responsive documents within SEVEN (7) days of entry of this Order.

Second, the Wrights ask the Court to compel State Farm to "appear for its Fed. R. Civ. P. 30(b)(6) deposition to fully answer [ ] those questions noted in Topics 3 and 4… including the composition of any 'Expense' categories or metrics used for evaluating company performance, and to what extent 'indemnity payments' are involved in those metrics." Dkt. No. 60-1 at 2. The Court GRANTS this request and ORDERS State Farm to produce a Rule 30(b)(6) designee to testify about Topic Nos. 3 and 4 within FOURTEEN (14) days of entry of this Order. This deposition is not to exceed TWO (2) hours. The Court ORDERS State Farm to cover the cost of the deposition, including any expedited transcripts.

Third, the Wrights ask the Court to overrule State Farm's "claw back" request for certain documents that it inadvertently produced about its employee incentive plan. *See* Dkt. No. 61-16 at 2 (claw-back demand letter). The Wrights argue that "the documents demanded to be destroyed are 1) relied upon by State Farm's 30(b)(6) designee to prepare for and for testimony during his deposition 2) required to be produced pursuant to Plaintiffs' 30(b)(6) deposition notice pursuant

---

[5] Because Treat appears to have been the main actor involved in the handling of the Wrights' claim, the Court does not extend this order to include performance reviews and compensation information regarding any other State Farm employees who may have dealt with the Wrights' claim file, such as Claim Specialist Aldous Harris or Amy Brooks.

ORDER - 8

to Rule 30(b)(2), 3) responsive to Plaintiffs' Request for Production number 20 and 4) relevant." Dkt. No. 60 at 14-15. Upon reviewing the deposition transcript, the Court agrees with the Wrights. *See generally* Dkt. No. 61-12. The Court construes State Farm's claw-back demand as a belated and unmeritorious objection to production. As such, the Court FINDS the claw-back demand improper.

### 5. THE WRIGHTS' MOTIONS TO SEAL

In two unopposed motions to seal, the Wrights assert that several documents cited in their briefing are covered by the parties' stipulated protective order and should therefore be filed under seal. Dkt. Nos. 62, 83. "There is a strong presumption of public access to the court's files." LCR 5(g). To overcome this presumption, a party seeking to file a document under seal must provide "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of" specific factors. LCR 5(g)(3)(B).

The Court does not reach the question of whether the presumption of public access has been overcome here. The Wrights seek to file the documents at issue under seal because State Farm "has designated [them] as confidential during discovery." *See* LCR 5(g)(1)(A). Thus, to the extent State Farm wishes to maintain the confidentiality of these documents, it bears the burden of satisfying LCR 5(g)(3)(B). *See* Dkt. No. 55 at Sec. 4.3. But before moving to seal, "the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary." LCR 5(g)(1)(A). And the motion to seal must include "[a] certification that the party has met and conferred with all

other parties in an attempt to reach agreement on the need to file the document under seal," including "the date, manner, and participants of the conference." LCR 5(g)(3)(A). Here, the Wrights admit that no such meet-and-confer has taken place. *See* Dkt. Nos. 62, 83. As such, the motions to seal do not pass muster.

Further, under LCR 7(b)(1), a moving party must accompany any motion to the Court with a proposed order. Here, the Wrights have failed to do so.

The Court therefore declines to rule on these motions at this time and ORDERS the parties to show cause, within FOURTEEN (14) days of this Order, why the requested relief should be granted. The parties' response to this Order should indicate that the parties have met the requirements set forth in the local rules governing motions to seal, including a meet-and-confer certification.

### 6. THE WRIGHTS' UNOPPOSED MOTIONS TO EXTEND DISPOSITIVE MOTIONS DEADLINE

The Wrights move to continue the dispositive motion deadline from November 25, 2024, to January 2, 2025, based on the, up to now, unresolved status of the parties' discovery motions. Dkt. Nos. 69, 79. State Farm does not oppose. Dkt. No. 80.

The Court recognizes that the discovery production ordered here may affect the parties' arguments in support of, and in opposition to, summary judgment. As such, the Court GRANTS IN PART and continues (i) the deadline for opposition briefs to summary judgment filings to December 27, 2024, and (ii) the deadline for replies to January 3, 2025.

# 7.  CONCLUSION

In sum, the Court ORDERS as follows:

7.1  DENIES State Farm's Motion for Protective Order, Dkt. No. 56;

7.2  GRANTS IN PART, DENIES IN PART the Wrights' Motion to Compel, Dkt. No. 60;

7.3  ORDERS the parties to show cause why the Court should grant the Wrights' Motions to Seal, Dkt. Nos. 62, 83; and

7.4  GRANTS IN PART, DENIES IN PART the Wrights' Unopposed Motion and Amended Motion to Continue the Dispositive Motion Deadline, Dkt. Nos. 69, 79.

It is so ORDERED.

Dated this 4th day of December, 2024.

Jamal N. Whitehead
United States District Judge