UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL WRIGHT; ALEXIS WRIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | CASE NO. 2:23-cv-179 <br><br> ORDER |

# 1. INTRODUCTION

This matter comes before the Court on the following motions: (1) Plaintiffs Michael and Alexis Wrights' ("The Wrights") motion to seal at Dkt. No. 62; (2) Defendant State Farm Fire and Casualty Company's ("State Farm") motion to seal at Dkt. No. 76; (3) the Wrights' motion to seal at Dkt. No. 83; (4) State Farm's motion for leave to file a supplemental declaration at Dkt. No. 111; (5) the Wrights' motion to seal at Dkt. No. 115; (6) State Farm's motion to seal at Dkt. No. 118; and (7) the Wrights' motion to seal at Dkt. No. 127. Having closely reviewed the record,

ORDER - 1

the parties' briefing, and the applicable law, and being otherwise fully informed, the Court, for the reasons explained below, ORDERS as follows.

## 2. DISCUSSION

### 2.1 Legal standard.

"There is a strong presumption of public access to the court's files." LCR 5(g). To overcome this presumption, a party seeking to file a document under seal must file a motion that includes:

> (A) A certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference; [and]
>
> (B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient.

*Id.* In general, documents accompanying *non-dispositive* motions may be sealed if the party filing the document shows "good cause." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). In contrast, "[t]hose who seek to maintain the secrecy of documents attached to *dispositive* motions must meet the high threshold of showing that

ORDER - 2

'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180 (emphasis added).

**2.2    The Court finds good cause to grant the Wrights' motions to seal at Dkt. Nos. 62 and 83.**

In support of their motion to compel at Dkt. No. 60, the Wrights filed two motions to seal: one with their initial motion to compel, Dkt. No. 62, and one with their reply brief, Dkt. No. 83.

The motion to seal at Dkt. No. 62 pertains to three documents produced by State Farm in discovery, each of which State Farm designated as confidential under the parties' stipulated protective order, Dkt. No. 55. The first of these documents is State Farm's so-called "re-inspection" of its insurance adjuster Timothy Treat's handling of the Wrights' claim file—in essence, an internal managerial review of Treat's work. Dkt. No. 63. The second is a series of internal documents relating to State Farm's Enterprise Incentive Plan (EIP) and Management Incentive Plan (MI) for the years 2021 through 2024. Dkt. No. 63-1. According to the documents, the EIP and MIP are internal company policies that "provide[ ] a way to reward eligible employees for their contributions and continuing commitment to the overall success of the State Farm Companies goals[.]" *Id.* at 4, 8. These documents include "scorecards" setting forth internal metrics that State Farm uses to evaluate company performance and determine performance-based compensation levels. And finally, the third document covered by the motion to seal at Dkt. No. 62 is a first-quarter 2022 performance review of Timothy Treat. Dkt. No. 63-2.

ORDER - 3

The motion to seal at Dkt. No. 83 pertains to two documents, both of which State Farm designated as confidential under the parties' stipulated protective order. The first is a transcript of the Fed. R. Civ. P. 30(b)(6) deposition of State Farm designee John Feely. Dkt. No. 84. Feely's testimony pertains to "[f]inancial incentives, bonuses, including short term incentive programs (however called) that State Farm claim adjusters, claim managers or other employees may be eligible for, and the criteria, process, or metrics used (however called) to determine whether a claim adjuster/claim managers/employee is eligible to receive the incentive, bonuses, including short term incentive programs (however called)." Dkt. No. 82 ¶ 3. The second document is a duplicate of the same EIP and MIP documents that were filed under seal at Dkt. No. 63-1 and addressed in the Wrights' motion to seal at Dkt. No. 62. Dkt. No. 84-1.

In both motions to seal, the Wrights admitted they had not met and conferred with State Farm about the confidentiality of the documents. Dkt. Nos. 62 at 2; 83 at 2-3. Therefore, on December 4, 2024, the Court issued an Order finding that the motions violated the rule that "the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary." Dkt. No. 93 at 9 (quoting LCR 5(g)(1)(A)). The Court thus ordered the parties to show cause why the documents at issue should remain under seal.

On December 18, 2024, State Farm responded to the Court's Order. Dkt. No. 104. State Farm's response certifies that, after the Court's Order, State Farm "telephonically conferred with counsel for the Wrights… in an effort to reach

ORDER - 4

agreement on the need to file these documents under seal." *Id.* at 2. The Court finds that the parties have now satisfied the meet-and-confer requirement for these motions.

As to the re-inspection report, State Farm argues that it should be sealed because it "discloses information about State Farm's confidential and proprietary processes for adjusting homeowners claims as well as confidential and proprietary information about the reinspection process itself[,]" all of which "State Farm has invested substantial resources in developing" and whose public disclosure would give State Farm's "[c]ompetitors… substantial cost savings and… an unfair advantage." *Id.* at 13 (citing *Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 1236859, at *9 (W.D. Wash. Mar. 18, 2019) (finding "compelling reason to seal… pages contain[ing] proprietary and confidential information about how [defendant] settles claims, such that publication could allow [defendant's] competitors to benefit at [defendant's] expense")). Based on this argument, the Court finds State Farm has met its burden of showing good cause to seal the re-inspection report at Dkt. No. 63.

As to the MIP and EIP documents, State Farm argues that these should be sealed because they "show specific State Farm performance measures, goals and results[,]" which "State Farm has allocated considerable resources" to develop. *Id.* at 10. State Farm argues that it has "take[n] steps to ensure the confidentiality of the EIP and MIP scorecards, including prohibiting their disclosure in its employee Code of Conduct, and ensuring that when documents relating to EIP or MIP are produced in litigation, they are produced subject to a protective order." *Id.* at 11. State Farm concludes that "[d]isclosure of the EIP and MIP Scorecards would provide State

ORDER - 5

Farm's competitors in the insurance industry a competitive advantage by giving them access to confidential information related to State Farm's financial goals, performance, and business strategies." *Id.* at 11. The Court agrees that potential economic harms caused by publication of internal company performance measures and goals represent good cause to keep the EIP and MIP documents at Dkt. Nos. 63-1 and 84-1 under seal. *See Houserman v. Comtech Communications Corp.*, No. 2:19-cv-00644, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) ("Courts have held that information about compensation structures and incentive programs that are not publicly available may be filed under seal because the 'likelihood of an improper use by competitors' provides a compelling reason to do so.") (citing cases).

As to the evaluation of Timothy Treat, State Farm argues that publication of performance evaluation documents would jeopardize State Farm's "competitive advantage by permitting State Farm's competitors to duplicate its processes without spending commensurate time and effort in creating them." Dkt. No. 104 at 9. Further, State Farm argues that "Timothy Treat's specific evaluation materials should likewise be protected" because "[t]hey contain inherently personal information in which Mr. Treat has an expectation of privacy, including specific comments about his strengths and weaknesses as an employee as well as his personal goals." *Id.* at 10. These arguments are persuasive. *See Bush v. Pioneer Hum. Servs.*, No. C09-518 RSM, 2010 WL 11682489, at *4 (W.D. Wash. Jan. 8, 2010) ("Personnel files undoubtedly contain personal and private information."). The Court finds good cause to maintain the personnel evaluation documents at Dkt. No. 63-2 under seal.

ORDER - 6

Lastly, as to John Feely's 30(b)(6) deposition, State Farm argues that the deposition transcript should be sealed because it contains discussion about State Farm's personnel evaluation and compensation policies and practices, as well as the MIP and EIP programs—in other words, the same topics as the other documents discussed above. Dkt. No. 104 at 9, 13. The Court agrees that good cause exists to seal Feely's deposition transcript as it relates to confidential company matters. In its Response to the Court's Order to Show Cause, State Farm adds that it not only seeks to maintain Feely's transcript under seal, but also "to publicly file a redacted version of his deposition transcript[.]" *Id.* at 3. State Farm cites Dkt. No. 82-1 as the public, redacted version of Feely's deposition transcript. *Id.* at n.9. But Dkt. No. 82-1 does not exist. Thus, while the Court grants State Farm's motion to maintain the unredacted Feely deposition under seal, the Court orders State Farm to follow through on its stated intention to publicly file a redacted version of the same or, alternatively, show cause in writing as to why the public, redacted version is unwarranted.

The Court notes that the Wrights also responded to the Court's Order to Show Cause, stating that they only filed these "documents under seal out of an abundance of caution to adhere to the parties' Amended Protective Order when Defendant failed to respond to Plaintiffs' efforts to meet and confer on this issue." Dkt. No. 109 at 5. The Wrights concluded that "[a]fter reviewing the documents, [they] find no 'compelling reasons' to seal the documents[.]" *Id.*

The Court is not persuaded. As discussed above, State Farm has met its burden of showing that harm or prejudice will follow from publication of these

ORDER - 7

documents, all of which contain non-public information about State Farm's business and personnel policies. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from… undue burden, including… requiring that a trade secret… or commercial information not be revealed…"). Because good cause exists to file these documents under seal, and because the parties, unlike before, have satisfied their LCR 5 meet-and-confer obligations, the Court FINDS that the documents at-issue are protected by the parties' protective order, GRANTS the Wrights' motions to seal at Dkt. Nos. 62 and 83, and DIRECTS the Clerk of Court that Dkt. Nos. 63, 63-1, 63-2, 84, and 84-1 will remain under seal. However, the Court ORDERS State Farm to file a public, redacted version of the Feely deposition. Alternatively, if State Farm believes that publishing a redacted version is unwarranted, it may show cause in writing, within FOURTEEN (14) days of this Order, why it should not be required to do so.

**2.3    The Court finds good cause to grant State Farm's motion to seal at Dkt. No. 76. The Court declines to impose sanctions on the Wrights for publicly filing the documents at-issue.**

In support of their motion to compel, Dkt. No. 60, the Wrights publicly filed three documents, Dkt. No. 61-10. The first document is a one-page excerpt of a trial transcript from *Veronica Gamble v. State Farm Mut. Auto Ins. Co.*, Case No. 2:23-cv-00179 ("*Gamble v. State Farm*"). The highlighted portion of the transcript states that "admitted [exhibits]… are part of the public record." Dkt. No. 61-10 at 4. The second document contains State Farm's MIP and EIP policies for the year 2018. *Id.* at 5-10. This document is marked as Exhibit 15 in *Gamble v. State Farm* and

ORDER - 8

contains a footer reading "Confidential Proprietary Produced Pursuant to Conf. Agree. Prot. Order." *Id.* Finally, the third document is State Farm's "Total Rewards" MIP for the year 2020. *Id.* at 11-12. This document is marked as Exhibit 16 in *Gamble v. State Farm* and has the same footer reading "Confidential Proprietary Produced Pursuant to Conf. Agree. Prot. Order." *Id.*

In its motion to seal, State Farm argues that the Wrights violated the preexisting, still-in-effect protective order in *Gamble v. State Farm* by publishing these documents. Dkt. No. 76 at 2-5. State Farm also argues that these documents contain confidential, proprietary business information, and therefore, good cause exists to seal them. *Id.* at 5. And State Farm asserts that the Wrights' counsel engaged in a "confidential document-sharing enterprise" and that the Court should sanction them for publication of these documents by compelling them to explain "how [they] came into possession of [the documents]." *Id.* at 1-2. In accordance with LCR 5(g), State Farm certifies that it attempted to meet and confer with the Wrights to obtain consent to file Dkt. No. 61-10 under seal. *Id.* at 2.

The Wrights counter that the documents at Dkt. No. 61-10 should not be sealed because some, if not all, of them were admitted into the public record in the *Gamble v. State Farm* proceedings and are thus already public. Dkt. No. 96. The Court is not persuaded. For the same reasons discussed above, *see supra* § 2.2, the Court finds good cause to seal the MIP- and EIP-related documents at Dkt. No. 61-10. As such, the Court FINDS that the documents at-issue are protected by the parties' protective order in this case, GRANTS State Farm's motion to seal at Dkt. No. 76, and DIRECTS the Clerk of Court to place Dkt. No. 61-10 under seal.

Because the Court finds good cause to grant State Farm's motion to seal, the Court declines to address whether the protective order in *Gamble v. State Farm* is binding here, nor whether prior publication in *Gamble* amounts to a waiver of privacy here.

Finally, the Court denies State Farm's requests for sanctions against the Wrights, or their counsel, for publicly filing these documents. This is not the first time the parties have wasted Court resources by involving the Court in needless spats that distract from the merits of their respective positions. *See* Dkt. No. 93 at 2 ("Let it be clear: the Court will not tolerate such conduct moving forward and it expects all attorneys to adhere to the highest standards of professionalism, civility, and ethical practice moving forward."). Indeed, the Court is skeptical that any of the parties' back-and-forth about State Farm's performance-based pay policies—a back-and-forth that has now consumed considerable Court attention—will meaningfully influence the outcome of this case. The Court will not wade any further into the mud and mire of counsels' persistent conflicts.

**2.4    The Court orders the parties to show cause why it should grant the Wrights' motions to seal at Dkt. Nos. 115 and 127.**

In November 2024, both parties moved for summary judgment. Dkt. Nos. 85, 88. In support of their summary judgment briefing, the Wrights filed two motions to seal: one with their response (Dkt. No. 112) in opposition to State Farm's motion for summary judgment, Dkt. No. 115; one with their reply (Dkt. No. 125) in support of their own summary judgment motion, Dkt. No. 127.

The Wrights' motion to seal at Dkt. No. 115 pertains to four documents, each of which State Farm designated as confidential under the parties' stipulated

ORDER - 10

protective order: first, an unredacted copy of the Wrights' opposition brief, Dkt. No. 117 (redacted version filed publicly at Dkt. No. 113); second, a transcript of the Fed. R. Civ. P. 30(b)(6) deposition of State Farm designee Kaity Lercel, whose testimony pertained to State Farm's EIP and MIP programs, Dkt. No. 117-1; third, internal State Farm policy documents relating to State Farm's EIP, MIP, and "Total Rewards" programs, Dkt. No. 117-2; and fourth, executed errata to the 30(b)(6) deposition transcript of John Feely (which transcript was filed under seal at Dkt. No. 84), Dkt. No. 117-3. In accordance with LCR 5, the Wrights certify that they met and conferred with State Farm to discuss the confidentiality of these documents. Dkt. No. 115 at 2-3.

The Wrights' motion to seal at Dkt. No. 127 pertains to one document: an unredacted version of the Wrights' reply in support of their own summary judgment motion, Dkt. No. 128 (redacted version filed publicly at Dkt. No. 125). As with the motion to seal at Dkt. No. 115, the Wrights certify in accordance with LCR 5 that they met and conferred with State Farm to discuss the confidentiality of redacted portions of this brief. Dkt. No. 127 at 2.

As for the substantive reasons to maintain these documents under seal, the Wrights state, in both motions to seal, that they filed the documents under seal only because State Farm designated them as confidential, but that they "make no representation regarding the validity of State Farm's arguments regarding confidentiality[.]" Dkt. Nos. 115 at 3, 127 at 2. A motion to seal must contain a "specific statement of the applicable legal standard and the reasons for keeping a document under seal[.]" LCR 5(g). These motions contain no such statement, and

State Farm did not file a response to either motion filling in the gaps. As such, the Court declines to resolve these motions now and ORDERS the parties to show cause, within fourteen (14) days, why the motions to seal at Dkt. Nos. 115 and 127 should be granted. Because the documents at issue are similar in subject matter to documents that the Court has already determined should be filed under seal (*see supra* § 2.2), the Court limits the parties' responses to this Order to Show Cause to no more than THREE (3) pages.

### 2.5   The Court finds compelling reasons to grant State Farm's motion to seal at Dkt. No. 118.

Along with its response to the Wrights' motion for summary judgment, State Farm moved to seal two documents: first, a transcript of Kaity Lercel's 30(b)(6) deposition pertaining to State Farm's EIP and MIP policies, Dkt. No. 119-1; and second, an unredacted version of State Farm's response brief in opposition to the Wrights' summary judgment motion, Dkt. No. 119-2 (redacted version filed publicly at Dkt. No. 120). Dkt. No. 118. State Farm certifies that it satisfied the LCR 5 meet-and-confer requirements on this motion. *Id.* at 2.

As to Lercel's deposition, State Farm argues that the transcript "discloses confidential, trade secret information about State Farm's EIP and MIP performance measures and/or targets that would be harmful to State Farm if disclosed." *Id.* at 3. Likewise, State Farm asserts that "[t]he subject matter of Ms. Lercel's deposition concerns confidential trade secrets regarding the MIP and EIP Scorecards and documentation that would be harmful to State Farm if disclosed." *Id.* at 5. Upon review of the transcript, the Court is satisfied with State Farm's position and finds

compelling reasons to maintain the Lercel transcript under seal. *See also supra* § 2.2 (finding good cause to seal Feely deposition transcript).

Upon review, the Court is also persuaded that the redactions in State Farm's response brief address similar issues, and therefore, compelling reasons exist to maintain their confidentiality. As such, the Court FINDS that the documents at-issue are protected by the parties' protective order, GRANTS State Farm's motion to seal at Dkt. No. 118, and DIRECTS the Clerk of Court to maintain Dkt. Nos. 119-1 and 119-2 under seal.

### 2.6 The Court denies State Farm's motion for leave to file a supplemental declaration detailing the parties' failures to meet and confer.

On December 4, 2024, the Court issued an Order directing the parties to show cause as to why the Court should grant the motions to seal at Dkt. Nos. 62 and 83. Dkt. No. 93. On December 18, 2024, both parties responded. State Farm dedicated its response to the substantive issue of good cause as to why the motion to seal should be granted. Dkt. No. 104. By contrast, the Wrights largely devoted their response to why, in their estimation, the parties had failed to satisfy their LCR 5(g) meet-and-confer obligations. Dkt. No. 109. On December 20, 2024, State Farm moved for leave to file a supplemental declaration providing its counsel's side of the story. Dkt. No. 111. The supplemental declaration that State Farm seeks to file contains, as attached exhibits, emails exchanged among the parties' counsel and a transcript of one of their meet-and-confer conferences. *See id.* at 8-60.

State Farm points out, correctly, that the "disposition of a case on a more complete record must be preferred to disposition on a less complete record." *Id.* at 3. But the Court is unconvinced that a more complete record of counsels' dispute over who is to blame for the breakdown in their communications will be helpful towards the disposition of this case. Thus, the Court DENIES State Farm's motion for leave to file a supplemental declaration. If it is not clear already, the Court will not wade further into the tedious and irrelevant details of counsels' communications.

### 3. CONCLUSION

In sum, the Court ORDERS as follows:

- The Court GRANTS the Wrights' motion to seal at Dkt. No. 62 and DIRECTS the Clerk of Court that Dkt. Nos. 63, 63-1, and 63-2 will remain under seal.

- The Court GRANTS State Farm's motion to seal at Dkt. No. 76 and DIRECTS the Clerk of Court that Dkt. No. 61-10 will be placed under seal. The Court declines State Farm's invitation to impose sanctions on the Wrights for publication of Dkt. No. 61-10.

- The Court GRANTS IN PART the Wrights' motion to seal at Dkt. No. 83 and DIRECTS the Clerk of Court that Dkt. Nos. 84 and 84-1 will remain under seal. The Court ORDERS State Farm to file a public, redacted version of the Feely deposition (Dkt. No. 84) or, in the alternative, show cause in writing, within FOURTEEN (14) days of this Order, why it should not have to publish a redacted version.

- The Court ORDERS the parties to show cause, within FOURTEEN (14) days of this Order, in a writing not to exceed THREE (3) pages, why the motions to seal at Dkt. Nos. 115 and 127 should be granted.
- The Court GRANTS State Farm's motion to seal at Dkt. No. 118 and DIRECTS the Clerk of Court to maintain Dkt. Nos. 119-1 and 119-2 under seal.
- The Court DENIES State Farm's motion at Dkt. No. 111 for leave to file a supplemental declaration.

It is so ORDERED.

Dated this 23rd day of January, 2025.

*[signature]*

Jamal N. Whitehead
United States District Judge

ORDER - 15