1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL WRIGHT; ALEXIS WRIGHT,<br><br>                    Plaintiffs,<br><br>        v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                    Defendant. | CASE NO. 2:23-cv-179<br><br>ORDER |

This matter comes before the Court on the parties' motions in limine. Dkt. Nos. 147, 149, 150. Having considered the motions, responses, and the record, and being fully informed, the Court ORDERS as discussed below.

## 1. BACKGROUND

Plaintiffs Michael and Alexis Wright sue their insurer, Defendant State Farm Fire & Casualty Company, for its handling of their insurance claim following a residential fire. The Wrights allege that State Farm's claims handling violated the Washington Insurance Fair Conduct Act and Washington Consumer Protection Act and constituted bad faith and breach of contract. State Farm denies these

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

allegations and contends that it handled the Wrights' claim appropriately. A jury trial is scheduled to commence on March 26, 2025.

## 2. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine must identify the specific evidence sought to be excluded and detail the reasoning for inadmissibility. *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (citing *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010)). A motion devoid of specificity or merely reminding the court to follow established rules will be denied. *See id.* Indeed, trial courts need no reminder of their fundamental duty to enforce the federal rules during trial—that much is self-evident and requires no motion to secure.

Trial courts possess broad discretion when ruling on motions in limine, *Heller,* 551 F.3d at 1111, though such decisions are not binding and may be reconsidered during trial, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Thus, denial of a motion in limine does not guarantee admission of contested evidence, but merely indicates that without trial context, the court cannot make a proper determination regarding exclusion. *See id.* And if the court grants a motion in limine, it may still revisit its earlier ruling based on the events at trial.

## 3. STIPULATED MOTIONS

The Court GRANTS the stipulated motions below, as reflected in the parties' joint filing:

ORDER - 2

1

**3.1    Plaintiffs' stipulated motions.**

2

      1.     Evidence Not Produced in Discovery;

3

      2.     Collateral Source and/or offset benefits;

4

      4.     Presenting to the Jury Any Document or Proposed Exhibit or Other Information That Has Not Been Admitted as An Exhibit;

5

      5.     The Effect of Any Lawsuit on Insurance Rates or Premiums;

6

      12.    Mention of Any Physical or Mental Conditions of the Plaintiffs;

7

      13.    No Mention of Michael Wright Being Involved in, Charged With or Pleading to an Assault Charge 20 Years Ago;

8

9

      17.    Undisclosed and New Opinions of Experts Should Be Excluded;

      18.    Any other suits or litigation involving Plaintiffs' counsel;

10

      19.    Reference or personal comments related to Plaintiffs' Counsel's prior employment or background should be prohibited.

11

Dkt. No. 150 at 1–4.

12

13

**3.2    Defendant's stipulated motions.**

14

      A.     Order and presentation of witnesses;

15

      C.     Preclude the parties, counsel, and witnesses from referring to the fact that motions in limine were filed and rulings made by the court;

16

17

      E.     Exclude references to the nature of either counsel's practice or references to their firms;

18

      G.     Opposing party experts may not be called at trial;

19

      L.     Exclude evidence or argument relating to other suits or claims against State Farm.

20

Dkt. No. 150 at 4–6.

21

22

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## 4. CONTESTED MOTIONS

The Court now turns to the parties' contested motions in limine—mostly, they represent formulaic recitations of evidentiary principles rather than targeted requests to exclude specific prejudicial evidence. Without identifying particular witnesses, documents, or testimony to exclude, these motions—with few exceptions—fail.

### 4.1 Plaintiffs' contested motions in limine.

The Court rules as follows on Plaintiffs' motions in limine:

**Plaintiffs' Motion in Limine No. 3:** Plaintiffs move to exclude any undisclosed witnesses, expert witnesses, or expert opinions not previously disclosed in accordance with the Federal Rules of Civil Procedure.

Any witness or expert opinion not properly disclosed under the civil rules would ordinarily be excluded from trial unless the failure to disclose was substantially justified or harmless under Fed. R. Civ. P. 37(c)(1). But the motion is DENIED for want of specificity, as the Wrights identify no witness to exclude owing to an improper disclosure. Should disputes arise regarding specific witnesses during trial, the Court will address them at that time.

**Plaintiffs' Motion in Limine No. 6:** Plaintiffs move to prohibit State Farm's claims handling experts from offering legal conclusions or statements about what the law requires.

Expert witnesses may testify about industry standards, practices, and whether actions conformed to those standards. But experts from either side should

not offer opinions that constitute ultimate legal conclusions such as whether State Farm acted in "bad faith," whether conduct was "reasonable" as a matter of law, or whether its actions violated specific statutes or regulations. This motion, however, amounts to a general admonishment to follow the rules, as the Wrights frame their motion in general terms only and do not identify a specific witness or opinion to exclude. Thus, the motion is DENIED.

**Plaintiffs' Motion in Limine No**. 7: The Wrights move to exclude evidence of settlement negotiations, offers of compromise, or statements made during settlement negotiations under Rule 408.

The Wrights' motion is overly broad and lacks the requisite specificity about which particular offers, compromises, or settlement communications should be excluded. While Rule 408 generally prohibits evidence of compromise offers and negotiations when offered to prove or disprove the validity or amount of a disputed claim, the Court cannot make a blanket ruling without context for specific communications. The motion also fails to distinguish between actual settlement negotiations and routine claims handling activities, such as claim payments or offers of payment made under the policy terms. For these reasons, the motion is DENIED. If specific settlement communications become an issue during trial, the Court will address objections at that time.

**Plaintiffs' Motion in Limine No. 8:** The Wrights move to exclude any reference to settlement discussions or statements made during or in preparation for mediation. This motion is DENIED for the same reasons as Plaintiffs' Motion in Limine No. 7. *See supra.*

1

2

3

**Plaintiffs' Motion in Limine No. 9:** The Wrights move to prohibit State Farm from attempting to impeach or cross-examine the Wrights with statements in correspondence from their attorneys sent after State Farm denied coverage.

4

5

6

7

8

9

10

11

The Wrights' motion lacks the requisite specificity about which legal correspondence or attorney communications they seek to exclude from cross-examination or impeachment. Indeed, the motion identifies no specific letters, dates, content, or circumstances that would warrant exclusion. Without this context, the Court cannot properly evaluate whether exclusion is appropriate under the Federal Rules of Evidence. For these reasons, the motion is DENIED. If specific correspondence becomes an issue during trial, the Court will address objections at that time.

12

13

**Plaintiffs' Motion in Limine No. 10:** The Wrights move to prohibit State Farm from referencing, admitting, or otherwise using their legal complaint at trial.

14

15

16

17

18

19

20

The Complaint itself is not admissible as evidence, as it contains unsworn allegations. That said, State Farm may question witnesses about specific factual assertions made in the Complaint if relevant for impeachment purposes. Even then, the court must still balance the Complaint's probative value against its potential prejudicial effect under Rule 403. Because the Court requires more context to evaluate whether the Complaint may be used to impeach any witness at trial, the motion is DENIED.

21

22

23

**Plaintiffs' Motion in Limine No. 11:** The Wrights move to prohibit reference to the cause of the fire, especially any assertion that the Wrights' children were involved or that the Wrights bear fault for the fire damages.

Neither party may suggest or imply that the Wrights or their children were responsible for or at fault for causing the fire. Even so, evidence about State Farm's investigation of the fire's cause as part of its claims handling process, including the retention of a cause and origin expert and the steps taken to investigate, is relevant in this bad-faith action. Like so many of their other motions in limine, the Wrights do not object to any specific piece of evidence—without this context, the Court cannot rule on their motion so it is thus DENIED.

**Plaintiffs' Motion in Limine No. 14:** The Wrights move to exclude testimony from State Farm's expert Eugene Peterson claiming that the value of the Wrights' home was relevant to State Farm's obligations under the policy.

The relevance and weight of Mr. Peterson's testimony about home valuation will be determined at trial. If appropriate objections arise during trial testimony, the Court will address them at that time. Plaintiffs' motion is DENIED.

**Plaintiffs' Motion in Limine No. 15:** The Wrights move to prohibit characterizations of repairs to their home as an "upgrade" or comparing damage awards to "winning the lottery" or similar phrases.

State Farm must refrain from characterizing receipt of policy benefits as "winning the lottery," "getting rich," "hitting the jackpot," or "receiving a windfall." Such comparisons have minimal probative value and create a substantial risk of unfair prejudice under Fed. R. Evid. 403. The motion is GRANTED IN PART.

**Plaintiffs' Motion in Limine No. 16:** The Wrights move to prohibit State Farm from justifying its claims decisions based on information obtained after those decisions were made.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

State Farm may present evidence about the handling of the claim throughout its duration, including adjustments made after initial decisions. But State Farm may not justify earlier claim decisions based on information it acquired after making those decisions. This is consistent with *Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1470 (9th Cir. 1997), which held that "[t]he bad faith claim required the jury to determine whether Insurer's denial of coverage was unreasonable when it occurred, not whether later developments could have vindicated the Insurer's decision." This motion is GRANTED IN PART.

The precise scope of what the jury may consider in evaluating bad-faith liability, including the relevant time periods and standards for evaluating State Farm's conduct, will be clarified in the Court's jury instructions. This ruling precludes neither party from requesting specific jury instructions on these issues.

**Plaintiffs' Motion in Limine No. 20:** Both parties have sought rulings on the operation of Rule 615 at trial. The Wrights, through their Motion in Limine No. 20, request exclusion of witnesses from the courtroom until after they've testified. State Farm, through its Motion in Limine H, seeks to have its claims handlers and representatives designated as "essential witnesses" who would be exempt from exclusion.

The Court finds that Rule 615's general principle of witness exclusion should apply here. Rule 615 provides a limited set of exceptions to the general rule of witness exclusion: "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be

1

2

essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present."

3

4

The Court disagrees with State Farm's broad characterization of its claims handlers and adjusters as "essential" just because they were involved in handling the Wrights' claim. Such an interpretation would effectively nullify the rule in insurance cases. The Wrights may be present for the whole trial, and State Farm may designate one corporate representative to remain in the courtroom throughout the proceedings. Expert witnesses may also be present throughout the trial. All other non-party witnesses, including State Farm employees who handled the Wrights' claim, are excluded from the courtroom until after they have testified.

5

6

7

8

9

10

11

12

13

14

This exclusion also applies to reading trial transcripts of other witnesses' testimony before testifying, as the danger of testimony being shaped by prior witnesses' accounts exists no matter if the witness hears the testimony directly or reads it in transcript form.

15

16

This ruling applies equally to both parties' witnesses. Accordingly, Plaintiffs' motion is GRANTED.

17

18

19

20

21

22

23

**Plaintiffs' Motion in Limine No. 21:** The Wrights move to exclude expert opinions that are based on speculation rather than facts and data. The Wrights' motion fails for at least two reasons. First, to the extent that it can be construed as a *Daubert* motion, it is filed too late and is thus denied for that reason. *See* Dkt. No. 45 at 2 (November 25, 2024, deadline for motions challenging expert testimony). Second, standing on its own, it lacks the necessary specificity to warrant a pretrial ruling, as the motion amounts to a general request that the Court enforce the

established rules of evidence—specifically Rule 702, which already requires that expert testimony be "based on sufficient facts or data" and "the product of reliable principles and methods." A blanket pretrial exclusion of unspecified "speculative" testimony is inappropriate and unnecessary given the existing evidentiary framework. This motion is DENIED.

**Plaintiffs' Motion in Limine No. 22:** The Wrights move to prohibit witnesses from bolstering their own credibility through statements about their character for truthfulness or fairness before their character has been attacked.

The Wrights' motion is denied for lack of specificity and because it merely seeks adherence to the existing Federal Rules of Evidence. The motion identifies no particular witnesses, anticipated testimony, or specific circumstances that would warrant a pretrial ruling. Rule 608(a) already provides that "evidence of truthful character is admissible only after a witness's character for truthfulness has been attacked." This established rule of evidence will govern the admissibility of character evidence at trial. The Court can apply these standards during trial when actual testimony is offered with proper context. If specific instances of improper bolstering arise during trial, the Wrights may raise timely objections which the Court will address in context. A blanket pretrial ruling on this issue is unnecessary and inappropriate. This motion is DENIED.

### 4.2    Defendant's contested motions in limine.

The Court now turns to State Farm's contested motions in limine:

1

2

3

**Defendant's Motion in Limine B:** State Farm moves to preclude counsel from making improper arguments, inflammatory remarks, or expressions of personal belief during opening statements.

4

5

6

7

8

9

10

It is a fundamental rule of trial practice that opening statements should not include argumentative content, inflammatory rhetoric, or personal beliefs of counsel. Rather, opening statements should provide a factual outline of the evidence expected to be presented. But the motion identifies no specific, objectionable arguments or statements to exclude. Counsel are presumed to be familiar with and expected to comply with applicable rules of professional conduct and procedure without specific court instruction on this score. This motion is DENIED.

11

12

13

14

**Defendant's Motion in Limine D:** State Farm moves to preclude references to redactions made from claim file materials based on attorney-client privilege or work-product protections, as well as references to motions in limine and the Court's rulings on them.

15

16

17

18

19

The motion is GRANTED with respect to materials properly withheld based on attorney-client privilege or work product generated in anticipation of litigation. Neither party may reference the content of such communications or suggest improper conduct based solely on the fact that communications were marked privileged.

20

21

22

23

But the motion is DENIED to the extent that it seeks to preclude any reference to the existence of redactions in the claim file. In insurance bad-faith cases, the timing and nature of attorney involvement can be relevant facts. The Court will address specific objections to such evidence in the context of trial.

Finally, the motion is GRANTED as to references to motions in limine and the Court's rulings on them, as such references risk confusing the jury about their proper role in evaluating evidence.

**Defendant's Motion in Limine H:** State Farm requests that the Court exclude non-party lay witnesses from the courtroom during trial. The Court addressed this issue in its ruling on Plaintiffs' Motion in Limine No. 20. As previously ordered, Rule 615's general principle of witness exclusion applies here, with State Farm permitted to designate one corporate representative to remain present throughout the proceedings. Expert witnesses may also be present, but all other non-party witnesses, including State Farm employees who handled the Wrights' claim, will be excluded until after they have testified. This motion is thus GRANTED IN PART consistent with the Court's prior ruling.

**Defendant's Motion in Limine I:** State Farm seeks to exclude what it characterizes as "Reptile Theory" arguments, and similar strategies that allegedly appeal to jurors' fears and emotions. But State Farm has neither identified specific arguments it seeks to exclude nor clarified what would invoke the primal—or reptilian—part of jurors' minds. Courts in the Ninth Circuit routinely deny motions in limine seeking to exclude so-called Reptile Theory arguments. *See Moribe v. Am. Water Heater Co.*, No. CV 21-00254 HG-WRP, 2024 WL 708563, at *1 (D. Haw. Feb. 21, 2024) (collecting cases). The Court will address objections to specific arguments as they arise during trial. This motion is DENIED.

**Defendant's Motion in Limine J:** State Farm seeks to preclude "Golden Rule" arguments, which ask jurors to place themselves in a party's position, and arguments asking the jury to "send a message."

Like State Farm's Motion in Limine B, this motion is unnecessary. "Golden Rule" arguments improperly encourage jurors to decide the case based on personal interest rather than the evidence, and are thus generally prohibited. Counsel are presumed to be familiar with and expected to comply with applicable rules of professional conduct and procedure without specific court instruction on this score. This motion is DENIED.

**Defendant's Motion in Limine K:** State Farm moves to exclude testimony or arguments implying that the jury should consider the relative financial resources of the parties. While arguments focusing solely on State Farm's financial status to evoke bias would be improper, evidence of the financial impact of State Farm's conduct on the Wrights and the economic power imbalance inherent in the insurer-insured relationship may be relevant to their claims. And evidence of the Wrights' financial circumstances may be relevant to show the effect of any claimed delays in assessing damages.

But because State Farm's motion lacks the specificity required for a motion in limine, and because more context is needed, its motion is DENIED.

**Defendant's Motion in Limine M:** State Farm moves to exclude evidence or argument about stress induced by the litigation process itself.

Emotional distress damages are generally recoverable in insurance bad-faith cases. The precise scope of what the jury may consider in evaluating emotional

distress damages, will be clarified in the Court's jury instructions. Thus, this motion is DENIED; this ruling, however, precludes neither party from requesting specific jury instructions on this issue.

**Defendant's Motion in Limine N:** State Farm moves to exclude any evidence or argument alleging bad-faith conduct occurring after litigation commenced. But Washington law recognizes that an insurer's duty of good faith continues after litigation begins, particularly where the claim remains open. *See Tavakoli v. Allstate Prop. & Cas. Ins. Co.*, No. C11-1587-RAJ, 2013 WL 153905, at *4 (W.D. Wash. Jan. 15, 2013) (denying motion in limine, holding that "[i]n a case like this one, where the insured's claim remains open, the insured's decision to sue its insurer does not cut off the insurer's obligations to adjust the claim"). Thus, a categorical exclusion of post-litigation conduct is not supported by Washington law—the Court will evaluate the relevance and admissibility of specific conduct in the context of trial. This motion is DENIED.

**Defendant's Motion in Limine O:** State Farm seeks to exclude testimony from the Wrights' expert Mary Owens that constitutes legal conclusions.

"[The Ninth Circuit] has repeatedly affirmed that an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (internal quotation marks omitted)). As noted in the Court's ruling on Plaintiffs' Motion in Limine No. 6, experts may testify about industry standards and practices but may not offer ultimate legal conclusions about whether conduct was "bad faith," "reasonable" as a

1    matter of law, or violated specific regulations. This limitation applies equally to

2    both parties' experts.

3        Thus, this motion is GRANTED—Plaintiffs' expert Mary Owens may not

4    testify that State Farm's conduct violated Washington law.

5        **Defendant's Motion in Limine P:** State Farm moves to exclude the

6    undisclosed opinions of the Wrights' expert Mary Owens. If Owens testified during

7    her deposition that she would supplement her expert report, but failed to do so,

8    then she would be prohibited from offering new opinions at trial. *See* Fed. R. Civ. P.

9    26(a)(2) and 37(c). That said, the Court cannot determine whether and when Owens

10    has veered away from her disclosed opinions without reference to specific trial

11    testimony. Thus, the Court will address specific objections to allegedly undisclosed

12    opinions in the context of trial. The Court RESERVES ruling on this motion.

13        **Defendant's Motion in Limine Q:** State Farm moves to exclude evidence

14    and argument about the Wrights' theory that State Farm incentivizes its claims

15    handlers to underpay or deny claims, including reference to State Farm's Enterprise

16    Incentive Plan (EIP) and Management Incentive Plan (MIP).

17        After careful consideration, the Court determines that evidence related to

18    State Farm's EIP and MIP incentive programs should be excluded under Rule 403.

19    While such evidence might have some minimal relevance to the Wrights' claims, the

20    Court finds that its probative value is substantially outweighed by the danger of

21    unfair prejudice, confusion of the issues, and misleading the jury.

22        This case is distinguishable from the primary on-point case cited by the

23    Wrights, *Campbell v. State Farm Mut. Auto. Ins. Co.*, 65 P.3d 1134 (Utah 2001), in

1    which evidence of incentive programs was admitted. In *Campbell*, the trial court

2    found a direct connection between State Farm's Performance, Planning and Review

3    (PP&R) policy and the specific handling of the plaintiffs' claim. The trial court noted

4    extensive evidence of a "national scheme to meet corporate fiscal goals by capping

5    payouts on claims company wide [sic]" that directly impacted the handling of the

6    plaintiffs' claim. *Id.* at 1143.

7         In contrast, the Wrights here have not established a sufficient nexus between

8    State Farm's current EIP and MIP programs and the handling of their specific

9    claim. The evidence does not demonstrate that Timothy Treat's handling of the

10   Wrights' claim was influenced by these incentive programs. Allowing such evidence

11   without this causal connection would invite the jury to speculate that the programs

12   affected the Wrights' claim handling without a factual basis.

13        The Court also finds that admission of this evidence would likely lead to a

14   time-consuming "mini-trial" about State Farm's corporate compensation structure

15   that would distract from the central issues here—whether State Farm properly

16   handled the Wrights' specific claim. The probative value of this evidence is further

17   diminished by the fact that other, more direct evidence is available regarding the

18   specific handling of the Wrights' claim.

19        Thus, this motion is GRANTED.

20        **Defendant's Motion in Limine R:** State Farm seeks to exclude evidence

21   about Timothy Treat's personnel files, including compensation information and

22   performance evaluations. Timothy Treat was the adjuster directly responsible for

23   handling the Wrights' claim. His performance evaluations, training, and

compensation *may* be relevant to determining whether State Farm acted in bad faith. But because the Court cannot rule on the exclusion of evidence in a vacuum, it DENIES State Farm's motion for lack of specificity. State Farm may raise specific objections to particular documents or testimony at trial if appropriate.

**Defendant's Motion in Limine S:** State Farm moves to exclude evidence and argument about material subject to the Court's Protective Order, including information related to State Farm's EIP and MIP incentive plans. The purpose of the protective order, however, was to facilitate discovery by protecting confidential information from public disclosure, not to prevent parties from using relevant information at trial.

Both parties have designated documents subject to the protective order as trial exhibits, including State Farm, and there is a pending motion to seal certain trial exhibits. Dkt. No. 167. The Court will rule on the use of confidential exhibits at trial and take appropriate measures, such as sealing portions of the record if necessary, in the context of the pending motion to seal.

For now, State Farm's Motion in Limine S is DENIED.

**Defendant's Motion in Limine T:** State Farm seeks to exclude reference to or evidence of the medical conditions of the Wrights' children. The Wrights' children's needs may be relevant to their claims for Additional Living Expenses (ALE) and to provide context for their damages claims. State Farm had a duty to consider the Wrights' individual circumstances, including their children's needs, when handling the claim.

The Wrights may testify about their observations of their children's conditions and needs as they relate to their insurance claim. But they must tread carefully and offer an appropriate evidentiary foundation if they intend to introduce medical opinions or diagnoses at trial.

State Farm's motion is DENIED.

## 5. CONCLUSION

The parties must comply with the Court's rulings at trial. If questions arise about the application or scope of the Court's rulings, they should be addressed outside the presence of the jury.

Dated this 12th day of March, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 18